2007 OK 91

STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Michael David McBRIDE, Respondent.

SCBD No. 5351.

Supreme Court of Oklahoma.

Nov. 20, 2007.

Janna Dunagan Hall, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

Jack Dawson, Miller Dollarhide, Oklahoma City, OK, for Respondent.

HARGRAVE, J.

¶ 1 The Oklahoma Bar Association (Bar) filed a complaint against the Respondent, Michael David McBride, on March 5, 2007 in which they alleged that the Respondent is subject to discipline under Rule 6, Rule 7 and Rule 10 of the Rules Governing Disciplinary Proceedings,5 O.S.2001, Ch. 1, App.1–A, for various alcohol-related offenses.

¶ 2 The parties have stipulated to the following:

## COUNT I

1) Michael David McBride was charged by criminal information sheet with one (1) count of Operating a Motor Vehicle While Under the Influence of Alcohol, in violation

of 47 O.S. § 11–902 in the District Court of Cleveland County, Case No. CF–07–103 filed January 24, 2007. The matter is currently pending in the district Court of Cleveland County, Oklahoma. If Trooper Chris Liles of the Oklahoma Highway Patrol were called to testify in this matter he would testify to the facts contained within the Case and Arrest Report and the videotape of the traffic stop and arrest, both of which were attached to the Joint Stipulations. If Darrell Hendrix, a witness and off-duty police officer was called to testify, he would state the facts set forth in his statement attached to the Joint Stipulations. If Robert Ravitz, Chief Public Defender for the Oklahoma county public defender's office were called to testify he would state that the Respondent was removed from the list of public defenders in Oklahoma County due to his latest charge of DUI in Cleveland County.

2) If the Trial Panel overrules Respondent's objections based on relevance and materiality, the Respondent stipulates that on January 17, 2007, the General Counsel received a grievance from Jason Colbert advising that Respondent was representing him on a felony DUI in the District Court of Cleveland County. Respondent was arrested and was in jail with Mr. Colbert, and Mr. Colbert claimed Respondent's arrest has compromised and delayed Mr. Colbert's case. Respondent responded to the Office of the General Counsel in a letter dated January 22, 2007 and denied that Mr. Colbert's case was compromised or delayed for the reason that his representation of Mr. Colbert had ceased in December 2006. The OSCN docket confirms the Respondent's response.

3) Respondent was charged on March 24, 2006 in Case No. 052950310 in the municipal court for the City of Oklahoma City, State of Oklahoma, with one (1) count of [possession of] drug paraphernalia. Respondent entered a plea of no contest and was sentenced to a deferred sentence. After successful completion of his sentence, Case No. 052950310 was dismissed on January 4, 2007. If Sgt. Jason Sturm of the Oklahoma City Police Department were called to testify, he would state the facts set forth in the Crime Report and Standard Supplement Report attached to the Joint Stipulations.

4) Respondent was charged on March 24, 2006 in Case No. 052950302 in the municipal court of the City of Oklahoma City with one (1) count of Public Drunkenness After a Plea. Respondent entered a plea of no contest and was sentenced to a deferred sentence and payment of costs. After successful completion of his sentence, Case No. 052950302 was dismissed on January 4, 2007.

5) Respondent was charged on March 28, 2004 in Case No. 03206955X in the Municipal Court of Oklahoma City with one count of Public Drunkenness. Respondent forfeited bond in Case No. 03206955X. On March 28, 2004 Respondent was also cited in Case No. 032069540 for Remaining in a Tavern After Closing Hours. Formal charges were not filed in Case No. 032069540. If Oklahoma City Police Officer Dax LaPorte were called to testify, he would state the facts set forth in the Standard Supplemental Report attached to the Joint Stipulations.

6) Respondent was charged on January 8, 2000 in Case No. 000091888 in the municipal court for the City of Oklahoma City with one (1) count of transporting an open container of beer. Respondent entered a guilty plea and was sentenced to a suspended sentence and payment of costs. After successful completion of the sentence, Case No. 000091888 was dismissed on May 12, 2000. If Oklahoma City Police Officer Jack A. Lane were called to testify he would state the facts set forth in the Crime Report and Standard Supplement Report attached to the Joint Stipulations.

7) Respondent was charged and convicted on January 8, 2000 in Case No. 000346996 in the Municipal Court of Oklahoma City with one (1) count of Driving Under the Influence. Respondent entered a guilty plea and was sentenced to a suspended sentence and payment of costs. A Motion to Accelerate Sentence was filed on August 7, 2000 because Respondent was charged on June 10, 2000 with one count of DUI. If Oklahoma City Police Officer Jack

A. Lane was called to testify he would state the facts set forth in the Crime Report and Standard Supplemental Report attached to the Joint Stipulations.

8) Respondent was charged on June 10, 2000 with one (1) count of Driving While Under the Influence, in violation of 47 O.S. § 11–902, in CM–2000–1769 in the District Court of Oklahoma County. Respondent entered a plea of no contest and was sentenced to a suspended sentence and payment of costs. Respondent through his attorney Don Jackson responded to the Bar's investigation in DC–00–254 by letter dated April 20, 2001, stating that Mr. McBride had abstained from any use of alcohol, that he had pled out his DUI charge [to] a one-year probation, fines and costs. The letter reported that Mr. McBride had also attended Victim's Impact Panel and was attending AA meetings on his own volition.

9) Respondent was charged on October 18, 1997 and was found guilty by a jury in Case No. 970323539 in the Municipal Court for the City of Oklahoma City of one (1) count of driving while impaired.

¶ 3 The Bar alleges that these actions for which the Respondent has been criminally charged ·constitute professional misconduct and demonstrate his unfitness to practice law. The Rule 6, Rule 7 and Rule 10 allegations are related and were combined in the complaint.[1] The Bar sought to have the Respondent disciplined pursuant to Rule 6 for alleged violations of Rule 8.4(b) and (d) ORPC and Rule 1.3 R.G.D.P.[2] The Bar also sought Respondent's suspension due to personal incapacity to practice law, under Rule 10.[3] The Bar further sought an immediate suspension in summary proceedings under Rule 7, R.G.D.P., amended, 2007 OK 1.[4]

1. In *State ex rel. Oklahoma Bar Ass'n v. Donnelly,* 1992 OK 164, 848 P.2d 543 we said that a lawyer's personal incapacity to practice law could be considered in a Rule 6 proceeding.

2. Rule 8.4, Rules of Professional Conduct, 5 O.S. 2001 Ch. 1, App. 3–A provides in pertinent part:

It is professional misconduct for a lawyer to:
(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another; . . .
(d) engage in conduct that is prejudicial to the administration of justice . . .

Rule 1.3, Rules Governing Disciplinary Proceedings, 5 O.S.2001 Ch. 1, App. 1–A, provides:

The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.

3. Rule 10.2, R.G.D.P., 5 O.S.2001 Ch. 1, App. 1–A, provides that whenever it has been determined that a lawyer is personally incapable of practicing law, his license to practice shall be suspended until reinstated by order of this Court.

Rule 10.1 defines personally incapable of practicing law as:
(a) Suffering from mental or physical illness of such character as to render the person afflicted incapable of managing himself, his affairs or the affairs of others with the integrity and competence requisite for the proper practice of law;
(b) Active misfeasance or repeated neglect of duty in respect to the affairs of a client, whether in matters pending before a tribunal or in other matters constituting the practice of law;
(c) Habitual use of alcoholic beverages or liquids of any alcoholic content, hallucinogens, sedatives, drugs, or other mentally or physically disabling substances of any character whatsoever to any extent which impairs or tends to impair ability to conduct efficiently and properly the affairs undertaken for a client in the practice of law.

4. Rule 7 was amended by order of the Supreme Court, 2007 OK 1, filed January 9, 2007:

In re: AMENDMENT TO THE RULES GOVERNING DISCIPLINARY PROCEEDINGS Rule 7, 5 O.S.2001, Ch. 1, App.–1.
1. **ORDER**

Rule 7.1 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, currently provides in pertinent part:
A lawyer who has been convicted in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law, regardless of whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial, shall be subject to discipline as herein provided, regardless of the pendency of an appeal.
To correct an oversight in the disciplinary system, Rule 7.1 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, is hereby amended to provide in pertinent part:
1. A lawyer who has been convicted **or has tendered a plea of guilty or nolo contendere**

¶ 4 The record was transmitted to this Court on the Rule 7 allegations. The record consisted of certified copies of criminal information sheets and guilty plea documents establishing the alcohol-related offenses. Respondent moved to have the Rule 7 allegations dismissed on the grounds that his two remote-in-time misdemeanor DUIs do not facially demonstrate his unfitness to practice law, citing *State ex rel. Oklahoma Bar Ass'n v. Armstrong,* 1990 OK 9, 791 P.2d 815. *Armstrong* was a Rule 7 proceeding in which the Bar sought interim suspension of a lawyer after a second conviction of DUI[5] Previously Rule 7 had used the language: "crimes involving moral turpitude," but had been amended to apply to convictions for "crimes demonstrating the lawyer's unfitness to practice law." We held that because DUI convictions do not facially demonstrate a lawyer's unfitness to practice law, we could not immediately suspend the lawyer on the record presented. Because it was necessary to investigate the circumstances surrounding the convictions, we referred the matter to the Professional Responsibility Tribunal for a hearing at which the issue would be Armstrong's fitness to practice law. Likewise, in the case at bar,

pursuant to a deferred sentence plea agreement in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law, regardless of whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial, shall be subject to discipline as herein provided, regardless of the pendency of an appeal. (Emphasis supplied.)

Rule 7.2, Rules Governing Disciplinary Proceedings, 5 O.S.2001 Ch. 1, App. 1–A currently provides:

The clerk of any court within this State in which a lawyer is convicted shall transmit certified copies of the indictment or information and judgment and sentence of conviction to the Chief Justice of the Supreme Court and to the General Counsel of the Oklahoma Bar Association within (5) days after said conviction. The documents may also be furnished to the Chief Justice by the General Counsel. Such documents, whether from this jurisdiction or any other jurisdiction shall constitute the charge and be conclusive evidence of the commission of the crime upon which the judgment and sentence is based and shall suffice as the basis for discipline in accordance with these rules.

Rule 7.2, Rules Governing Disciplinary Proceedings, 5 O.S.2001 Ch. 1, App. 1–A is hereby amended to provide:

The clerk of any court within this State in which a lawyer is convicted **or as to whom proceedings are deferred** shall transmit certified copies of **the Judgment and Sentence on a plea of guilty, order deferring judgment and sentence,** indictment or information and judgment and sentence of conviction to the Chief Justice of the Supreme Court and to the General Counsel of the Oklahoma Bar Association within (5) days after said conviction. The documents may also be furnished to the Chief Justice by the General Counsel. Such documents, whether from this jurisdiction or any other jurisdiction shall constitute the charge and be conclusive evidence of the commission of the crime upon which the judgment and sentence is based and shall suffice as the basis for discipline in accordance with these rules. (Emphasis supplied.)

Rule 7.3 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, currently provides in pertinent part:

Upon receipt of the certified copies of such indictment or information and the judgment and sentence, the Supreme Court shall by order immediately suspend the lawyer from the practice of law until further order of the Court. In its order of suspension the Court shall direct the lawyer to appear at a time certain, to show cause, if any he has, why the order of suspension should be set aside. Upon good cause shown, the Court may set aside its order of suspension when it appears to be in the interest of justice to do so, due regard being had to maintaining the integrity of and confidence in the profession.

Rule 7.3, Rules Governing Disciplinary Proceedings, 5 O.S.2001 Ch. 1, App. 1–A is hereby amended to provide:

Upon receipt of the certified copies of **Judgment and Sentence on a plea of guilty, order deferring judgment and sentence, indictment or information and the judgment and sentence,** the Supreme Court shall by order immediately suspend the lawyer from the practice of law until further order of the Court. In its order of suspension the Court shall direct the lawyer to appear at a time certain, to show cause, if any he has, why the order of suspension should be set aside. Upon good cause shown, the Court may set aside its order of suspension when it appears to be in the interest of justice to do so, due regard being had to maintaining the integrity of and confidence in the profession. (Emphasis supplied.)

DONE BY ORDER OF THE SUPREME COURT THE 8th DAY OF JANUARY, 2007.

/S/CHIEF JUSTICE

5. Armstrong had been convicted of Driving While Under the Influence of Intoxicating Liquor, Second offense, and had been previously convicted in 1985 of two misdemeanor DUI charges arising out of separate incidents occurring in 1984 and 1985.

we referred the Rule 7 allegations to the Trial Panel for the taking of evidence, along with the evidence on the Rule 6 and 10 allegations, as to whether the Respondent's alcohol-related misdemeanor convictions demonstrate his unfitness to practice law.

¶ 5 The hearing before the Trial Panel of the Professional Responsibility Tribunal was held on May 15, 2007 and June 1, 2007. The Respondent testified, and was extensively questioned by the members of the Trial Panel. His psychologist, Dr. Wenona Barnes, who is a certified alcohol treatment counselor, testified also. Respondent's sponsors from Lawyers Helping Lawyers and Alcoholics Anonymous testified and testimony was taken from three judges before whom the Respondent practices, and from several lawyers who know the Respondent professionally and often see him at the courthouse.

¶ 6 The Respondent admits that he is an alcoholic. He sought treatment from Dr. Wenona Barnes after his January 9, 2007 arrest for DUI and first met with her on January 24, 2007. Dr. Barnes works with the Lawyers Helping Lawyers program and a lawyer may attend three sessions for free. The Respondent continued to see Dr. Barnes on a professional basis and he is still her client. At the time of the hearing, the Respondent had completed fourteen personal sessions with Dr. Barnes, as well as six hours of drug education at her office. She conducted tests and determined that the Respondent did not require in-patient treatment. Dr. Barnes recommended that Mr. McBride participate in an intensive out-patient program at St. Anthony's Hospital. Respondent began attending AA meetings and became active in the 12–Step Program. Respondent signed a two-year contract with Lawyers' Helping Lawyers. Respondent successfully completed the extensive out-patient treatment at St. Anthony's Hospital at the end of

June, 2007.[6] Dr. Barnes testified that he has done everything she recommended and more. She testified that typically a relapse would have happened by the time of the Respondent's five or six months of successful abstinence.

¶ 7 Respondent's sobriety date is March 6, 2007. At the time of the hearing before the Trial Panel, the Respondent had been sober for 85 days. At the time of filing briefs in this Court, the Respondent has been sober for six (6) months. The Respondent waived his confidentiality with respect to his psychologist, Alcoholics Anonymous and Lawyers' Helping Lawyers, and directed anyone with reason to believe that he is drinking to immediately contact the General Counsel's office. Furthermore, the Respondent voluntarily contracted with Dr. Barnes that if he should start drinking again, he would immediately undergo inpatient treatment.

¶ 8 After completion of the hearing, the Trial Panel found no basis for suspension under Rule 10 or Rule 7, R.G.D.P.[7] The Trial Panel filed a detailed report with this Court and recommended, as discipline for the Rule 6 violations, a public censure coupled with a deferred suspension of two years and one-day provided that the Respondent does not violate the rules of the probation or deferred suspension. The Trial Panel recognized that the Respondent's problems stemmed from his abuse of alcohol and that if he continued to abstain from the use thereof, he would not pose a threat.

## RULE 10

■ ¶ 9 In its briefs to this Court, the Bar argues that Respondent should be immediately suspended from the practice of Law under Rule 10 R.G.D.P. Rule 10 governs suspension for personal incapacity to practice law. The objective of Rule 10 is to minimize

---

6. We granted Respondent's motion to supplement the record to include the report on completion of Respondent's intensive outpatient treatment at St. Anthony's. The supplementary material included a cover letter from Dr. Barnes, the psychologist who had been treating the Respondent and the report from St. Anthony's out-patient treatment facility, dated July 30, 2007. The report states that Respondent successfully completed the program at end of June.

The Respondent attended for six-weeks for nine hours per week. The recommendation was made that Respondent continue attending AA meetings 2 to 3 times per week and Dr. Barnes' letter verified that Respondent attends 3 to 5 meetings per week.

7. Report of the Trial Panel, p. 10, numbered paragraph. 3; p. 12, numbered paragraph 3.

potential risk to the public of harm from a practitioner's incapacity to practice law. *State ex rel. Oklahoma Bar Ass'n v. Albert,* 2007 OK 31 ¶ 12, 163 P.3d 527, 533. The focus is not exclusively on the past, but rather on the practitioner's present condition and its future consequences. *Id.* The Respondent argues that the Rule 10 charges are not supported by any evidence and should be dismissed. Testimony on the issue of Respondent's capacity to practice law was given by three judges (one by stipulation) before whom the Respondent regularly appears, and from five attorneys, including Respondent's former employer, Robert Ravitz, the Oklahoma County public defender, all of whom know the Respondent professionally and see him regularly at the courthouse. Their cumulative testimony was that the Respondent is a good lawyer and that he has always acted professionally and appropriately practicing law. None of the judges had ever observed Mr. McBride under the influence of alcohol in the courtroom, nor had they heard any rumors to that effect.

¶ 10 We have reviewed the matter and find that there is no evidence that the Respondent is personally incapable of practicing law at this time. The Bar offered no testimony from any client, lawyer, judge or other person that the Respondent is incapable of practicing law. The Rule 10 allegations are not supported by the evidence and are therefore dismissed.

### RULE 7

■ ¶ 11 Rule 7, prior to amendment 2007 OK 1, provided for summary disciplinary proceedings and immediate suspension of a lawyer who had been convicted of a crime that demonstrated the lawyer's unfitness to practice law.[8] Respondent's convictions occurred prior to amendment of Rule 7 so the question before the Trial Panel was whether the Respondent's two misdemeanor DUI convictions in 1998 and 2001 demonstrate. Respondent's unfitness to practice law.[9] Because conviction for DUI does not facially

demonstrate a lawyer's unfitness to practice law and require that the circumstances be investigated, we directed the Trial Panel to take evidence on the Rule 7 allegations. *State ex rel. Oklahoma Bar Association v. Armstrong,* 1990 OK 9, 791 P.2d 815. In the case at bar, the Trial Panel took evidence on the Rule 7 allegations along with the evidence on the Rule 6 and Rule 10 allegations. The Trial Panel's report to this Court found insufficient evidence to impose the terms of Rule 7.

¶ 12 In *Armstrong, supra,* w remanded the Rule 7 allegations to the Trial Panel to take evidence as to whether the circumstances surrounding Armstrong's conviction for DUI, second offense, and previous misdemeanor DUI convictions demonstrated his unfitness to practice law. After the Trial Panel in *Armstrong* heard evidence on the Rule 7 allegations, they recommended to this Court that the Rule 7 allegations be dismissed. We agreed and declined to discipline Armstrong under Rule 7 because there was no evidence that his crime adversely affected his fitness to practice law. *State ex rel. Okla. Bar Ass'n v. Armstrong,* 848 P.2d 538 (Okla.1992).

¶ 13 We have reviewed the present matter and agree with the finding of the Trial Panel. There was no evidence that Respondent's misdemeanor DUI convictions adversely affect his fitness to practice law. Accordingly, the Rule 7 allegations are dismissed.

### RULE 6

¶ 14 The Bar alleges that Respondent's repeated violations of Oklahoma's legal standards prohibiting driving a motor vehicle while intoxicated on alcohol, and other vehicle and alcohol-related violations, demonstrate a wilful disregard for the law and an indifference to legal obligations. They allege that Respondent's conduct thereby violates the mandatory provisions of Rules 8.4(b) and 8.4(d) of the Oklahoma Rules of Professional Conduct, and Rule 1.3 of the Rules Governing Disciplinary proceedings and constitutes grounds for professional discipline. The Bar

---

8. The text of Rule 7, before and after amendment, is set out in footnote 3.

9. We have been provided with no evidence of any plea of guilty or nolo contendere made by the Respondent following the amendments to Rule 7, 2007 OK 1, filed January 9, 2007.

recommends that severe sanctions be imposed.

¶ 15 The Respondent has stipulated to the alcohol-related offenses listed above, covering a time period of more than ten years. The Respondent does not argue that he has not violated Rule 6 as alleged and his brief is directed only toward the proper degree of discipline to be imposed. The stipulated offenses alone provide clear and convincing evidence of Respondent's indifference to legal obligations and engaging in conduct that reflects adversely on the legal profession. The stipulated conduct serves as a basis for the imposition of discipline. It only remains for us to determine the degree of discipline to be imposed.

## DISCIPLINE

■ ¶ 16 The Trial Panel of the Professional Responsibility Tribunal recommends discipline of public censure coupled with a deferred suspension of two years and one day. The deferred suspension is subject to a list of probationary terms.[10] They recommend that the General Counsel of the Bar immediately notify this Court upon receipt of notification that Respondent has violated the rules of probation or deferred suspension, and that the two year and one day suspension be immediately imposed.

¶ 17 The Trial Panel based its recommendation on the fact that Respondent's problems stemmed from his abuse of alcohol and that if he continues to abstain from the use thereof, he will not pose a threat to the public. They observed that the Respondent holds the key to his professional future and the discipline recommended. If he adheres to the rules of probation and deferred suspension his only discipline will be public censure; if not, he will be suspended for two years and one day.

¶ 18 The Bar urges that disbarment is the appropriate discipline for repeated alcohol-related misconduct, citing *State ex rel. Oklahoma Bar Ass'n v. Wyatt*, 2001 OK 70, 32 P.3d 858 and *State ex rel. Oklahoma Bar Ass'n v. Doris*, 1999 OK 94, 991 P.2d 1015. The Bar also points to *State ex rel Oklahoma Bar Ass'n v. Rogers*, 2006 OK 54, 142 P.3d 428 and *State ex rel. Oklahoma Bar Ass'n v. Beasley*, 2006 OK 49, 142 P.3d 410, wherein the Court imposed a suspension from the practice of law for two years and one day.

¶ 19 The Respondent requests that the Court, in determining appropriate discipline under Rule 6, take into account both the inappropriateness of his past actions while also recognizing his efforts to change his life and succeed in recovery. Because there was no evidence of client neglect, and because the purpose of discipline is not to punish the attorney, Respondent suggests that discipline of a private reprimand and a six-month deferred suspension with conditions is appropriate. Respondent fully joins in the recommendation of the Trial Panel in the terms of the deferred suspension; that he must continue in private counseling with Dr. Barnes until such time as she releases him from treatment; that he must continue to regularly attend AA meetings and maintain frequent contact with his AA sponsor; that he must comply with all terms and provision of the two-year contract that he has signed with Lawyers Helping Lawyers; and that he has completed the out-patient treatment program at St. Anthony's Hospital recommended by the Trial Panel. Further, he waives any right of confidentiality with Dr. Barnes, his AA sponsor and his Lawyers Helping Law-

---

10. The Rules of Probation or Deferred Suspension recommended by the Trial Panel are that for the duration of the suspension:
   (1) Respondent shall refrain from any and all use of alcohol or mind-altering substances;
   (2) he shall refrain from the use of any and all illegal drugs;
   (3) he shall maintain an active participation in and attendance at meetings of Alcohol Anonymous, attending at least three meetings per week;
   (4) he shall sign and maintain a contract with Lawyers Helping Lawyers;
   (5) he shall successfully complete either an intensive inpatient or an outpatient treatment program in a qualified rehabilitation facility;
   (6) he shall submit to random drug screens or urinalysis to be determined by his sponsor with Lawyers Helping Lawyers;
   (7) he waives all questions of confidentiality and permits his sponsor at Lawyers Helping Lawyers to notify General Counsel of the Oklahoma Bar Association in the event of any default by Respondent in the terms of the probation or deferred suspension.

yers sponsor, so that those persons are authorized and directed to report any violation of the probationary terms to the General Counsel's office.

¶ 20 The Respondent argues that the cases relied on by the Bar where severe discipline was imposed are not applicable to the facts of this case. Respondent suggests that the more appropriate precedent for consideration are the decisions in *State ex rel. Oklahoma Bar Ass'n v. Garrett*, 2005 OK 91, 127 P.3d 600, *State ex rel. Oklahoma Bar Ass'n v. Donnelly*, 1992 OK 164, 848 P.2d 543 and *State ex rel. Oklahoma Bar Ass'n v. Burns*, 2006 OK 75, 145 P.3d 1088. The Respondent further argues that the recent case of *State ex rel. Oklahoma Bar Ass'n v. Albert*, 2007 OK 31, 163 P.3d 527 teaches that discipline of less than six months is appropriate if there has been no client neglect.

¶ 21 The Respondent has admitted that he is an alcoholic and he has stipulated to his past transgressions. He has sought help, though only after the bar complaint was filed. He has received good reports on his treatment and his participation in AA and counseling. He urges anyone to turn him in if he starts to drink again, and he has agreed to obtain inpatient treatment if that happens. Mr. McBride has expressed his remorse and his shame for his behavior. Mr. McBride was very candid with the tribunal. Against the advice of his attorneys, he refused to take the Fifth Amendment with regard to the testimony surrounding the DUI pending in Cleveland County, Oklahoma. The Respondent testified fully and freely about that arrest and the Trial Panel watched an hour-long highway patrol video of the Respondent's arrest, which did not show the Respondent in a good light. The Respondent stipulated that the highway patrol trooper's testimony, as well as the testimony of the off-duty police officer who called it in, would be as reflected in their reports and in the video.

¶ 22 Mr. McBride was scheduled to represent two clients in court the day after his arrest and he arranged from jail for another lawyer to represent them. The trial panel felt that this showed that clients were affected by Respondent's alcohol-related crimes. We feel, however, that it is also to Respondent's credit that he arranged for his clients to be represented when he was unable to be there. It is to the Respondent's credit that he has wholeheartedly embraced sobriety and has done everything required of him and more in order to maintain sobriety.

¶ 23 Discipline imposed in cases involving alcohol-related crimes has ranged from the severe, when coupled with harm to clients,[11] to censure, when no clients were involved. Probationary periods have often been imposed in cases of alcohol-related offenses. While alcoholism alone is not enough to mitigate discipline, the fact that an attorney recognized his or her problem, sought and cooperated in treatment and was willing to undergo supervision has convinced the Court that severe discipline need not be imposed. *State ex rel. Oklahoma Bar Ass'n v. Carpenter*, 1993 OK 86, 863 P.2d 1123, 1130 (suspension for six months, to be followed by a supervised probation for two and one-half years).

¶ 24 Attorney discipline cases must be decided on a case-by-case basis due to the different circumstances of each case. *State ex rel. Oklahoma Bar Ass'n v. Rozin*, 1991 OK 132 ¶ 10, 824 P.2d 1127, 1130. While discipline should be administered fairly and evenhandedly, the terms will vary since each situation must be decided case by case, each involving different offenses and different mitigating circumstances. *State ex rel. Okla. Bar Ass'n v. Burns*, 2006 OK 75 ¶ 26, 145 P.3d 1088, 1094. Because of these differences, the range of discipline imposed in alcohol-related disciplinary matters is quite wide. *Id.* We look to cases having similar circumstances as a guideline.

¶ 25 In *State ex rel. Oklahoma Bar Ass'n v. Donnelly*, 1992 OK 164, 848 P.2d 543, 548 we said that lawyer misconduct falls within

11. See, *for example State ex rel. Oklahoma Bar Ass'n v. Doris*, 1999 OK 94, 991 P.2d 1015 (disbarment); *State ex rel. Oklahoma Bar Ass'n v. Rogers*, 2006 OK 54, 142 P.3d 428 (*suspension for two years and one day*); *State ex rel. Oklahoma Bar Ass'n v. Beasley*, 2006 OK 49, 142 P.3d 410 (suspension for two years and one day); *State ex rel. Oklahoma Bar Ass'n v. Adams*, 1995 OK 17, 895 P.2d 701 (*suspension for two years and one day* );

two basic categories: serious and minor. A lawyer who has dealt grave economic harm to a client is a major offender because the economic injury to a client is reprehensible and calls for the imposition of harsh measures. We said that Donnelly's actions could not be perceived as falling into the class of most serious offenders where his misconduct arose from representation of clients, including lack of diligence and promptness in representing client, not keeping client informed, deceiving a client and not revealing alcoholism in a previous disciplinary proceeding and where the stipulated facts showed that his misconduct was the product of his alcoholism. We contrasted Donnelly's misconduct with the misconduct in *State ex rel. Oklahoma Bar Ass'n v. Rozin*, 1991 OK 132, 824 P.2d 1127, where the lawyer was charged with almost identical violations of the rules of professional conduct, but was not alcohol-impaired.[12] We determined that a public reprimand was appropriate sanction for Donnelly's violations of the rules of professional conduct and we placed conditions on his probation: supervision by a designated member of Lawyers Helping Lawyers for one year, and participation for that length of time in AA with a duty to report his attendance and status to the Lawyers Helping Lawyers member-sponsor.

¶ 26 Discipline of suspension for six months and a two-year probationary period with conditions was imposed in *State ex rel. Oklahoma Bar Ass'n v. Burns*, 2006 OK 75, 145 P.3d 1088. In Burns, the crimes also occurred as a result of the attorney's abuse of alcohol and while under the influence of alcohol and no client-related misconduct was involved. Burns was convicted of two (2) felony DUIs and sentenced to a term of three (3) years in the Department of Corrections, all suspended, to run concurrently with the sentence in the second case, and ordered to pay a fine. In the second case he received a five-year deferred sentence to run concurrently with the other case and was fined $1,000.00. Burns also stipulated to previous alcohol related offenses in 1997, 1999, 2001 and 2002. The Court held that Burns' multiple violations of criminal laws prohibiting operation of a motor vehicle while under influence of intoxicating liquor violated the rules charged and we followed the recommendation of the Trial Panel in suspending Burns for six months and imposing two years of conditioned probation.

¶ 27 The case at bar is similar to *State ex rel. Oklahoma Bar Ass'n v. Garrett*, 2005 OK 91, 127 P.3d 600, where no client-related misconduct was involved and the crimes for which the attorney was charged occurred as a result of his abuse of alcohol and while he was under the influence of alcohol.[13] Garrett was disciplined by public censure and a one-year probationary period. Garrett had suffered from chronic alcoholism for a considerable period of time and he did not contact Lawyers Helping Lawyers until after the arrest. Garrett, like the Respondent, did not think he was an alcoholic before the felony charges were filed. Garrett admitted that he had been previously charged with alcohol related traffic violations, but that he did not stop drinking until criminal charges were filed against him that placed his license to practice law in jeopardy. Garrett entered an inpatient treatment facility where he remained for 72 days until his discharge

¶ 28 Under the evidence presented, we found that Garrett had finally taken steps to take responsibility for his prior behavior and demonstrated that he intends to work to maintain his sobriety through his involvement with Lawyers Helping Lawyers and AA, which represented a departure from his previous behavior when he did not take responsibility for his actions. Garrett had, at the time of his hearing, abstained from alcohol for almost two years. Testimony by Garrett's Lawyers Helping Lawyers contact was similar to testimony on Respondent's

---

12. Rozin was suspended from the practice of law for sixty (60) days and placed on probation with conditions for two years thereafter.

13. Two felony sexual battery charges filed by non-clients were reduced to misdemeanor battery charges to which Garret pled guilty and received one-year suspended sentences on each count to run concurrently. Additional terms required Garrett to continue alcohol treatment while on probation.

behalf in the case at bar.[14] A judge and an attorney testified as to Garrett's good character and his fitness to practice law. Numerous letters on Garrett's behalf were written by judges and attorneys who gave positive opinions about Garrett's character, integrity and honesty.

¶ 29 We find the *Garrett* case instructive in determining appropriate discipline in this matter. Both matters involve the imposition of discipline for actions outside the attorney-client relationship and the overwhelming evidence indicates that the attorneys problems stemmed from the abuse of alcohol. In the case at bar, Mr. McBride's alcohol-related offenses are the misconduct with which he is charged. In a Rule 6 proceeding, we focus on the lawyer's questionable past conduct in order to safeguard the public interest and protect the judicial system. *State ex rel. Okla. Bar Ass'n v. Donnelly*, 848 P.2d 543, 547. That focus also is designed to deter the Respondent from further offending behavior and other members of the bar from like derelictions. *Id.* As in *Garrett*, there is no evidence that the McBride's alcoholism impaired his ability to conduct his clients' affairs in his law practice, and there is clear and convincing evidence that the attorney's actions after his arrest showed a commitment to becoming sober and maintaining his sobriety through AA and Lawyers Helping Lawyers and private counseling.

¶ 30 In *Garrett*, we said that imposing the stipulated conditions for a one-year probationary period was appropriate for encouraging a permanent change of lifestyle and it constituted a worthy objective to allow the attorney to maintain his sobriety and his rehabilitation, while also continuing his practice of law. We believe that the same considerations apply in the case at bar. Compliance with the conditions of probation will prove the depth of the Respondent's commitment to abstaining from alcohol and his sincerity in establishing a new lifestyle.

¶ 31 Aside from *Burns, supra,* which involved two felony DUI convictions as well as numerous other alcohol-related offenses, the alcohol-impaired cases where a period of suspension was imposed involved misconduct in the representation of clients. Having determined that the present matter is most similar to Garrett, we accept the Trial Panel's recommendation of discipline of public censure and a deferred suspension period of two years and one day. In Garrett, the attorney had been sober for approximately two years at the time discipline was being imposed. In the instant case, the attorney will have been sober for a period of approximately eight months by the time discipline is imposed. By imposing a two year and one day probationary period, the Respondent will have been sober for almost three years at the time the probation period is successfully completed. This long period of sobriety will have set the Respondent firmly on the road to recovery.

## CONCLUSION

¶ 32 Rule 10 proceedings are confidential until this Court orders otherwise and a separate, non-public docket is maintained for that purpose under the supervision of the Chief Justice.[15] In the present matter, the Rule 10 allegations were joined with the Rule 6 and Rule 7 allegations and we have dismissed the Rule 10 allegations. In order that the Respondent may be publicly reprimanded, we direct that confidentiality be suspended to the extent of publishing this opinion. The record and the transcripts shall remain on the non-public docket in order to protect the confidentiality of witnesses who testified in this matter and were told that the proceedings were confidential.

14. The director of Lawyers Helping Lawyers testified that Garrett had contacted him after his arrest and the director believed that Garrett needed in-patient de-tox treatment. Garrett entered an inpatient treatment facility where he remained for 72 days. Garrett likewise signed a contract with Lawyers Helping Lawyers (LHL) in which he agreed to attend AA meetings, be randomly tested, have contact with a mentor and work with AA sponsors. He testified that Garrett had done everything and more that he would want someone in recovery to do. He could not think of anything that Garrett could have done to address his alcohol problem that he had not done.

15. Rule 10.12 R.G.D.P., 5 O.S.2001 Ch. 1, App.1–A.

¶ 33 The Respondent stands publicly reprimanded. We additionally impose a deferred suspension of two years and one day subject to the probationary rules recommended by the Trial Panel. For the duration of the two years and one-day probationary period:

(1) Respondent shall refrain from any and all use of alcohol or mind-altering substances;

(2) he shall refrain from the use of any and all illegal drugs;

(3) he shall maintain an active participation in and attendance at meetings of Alcohol Anonymous, attending at least three meetings per week;

(4) he shall sign and maintain a contract with Lawyers Helping Lawyers;

(5) the Respondent has successfully completed an intensive outpatient treatment program in a qualified rehabilitation facility;

(6) he shall submit to random drug screens or urinalysis to be determined by his sponsor with Lawyers Helping Lawyers;

(7) he waives all questions of confidentiality and permits his sponsor at Lawyers Helping Lawyers to notify General Counsel of the Oklahoma Bar Association in the event of any default by Respondent in the terms of the probation or deferred suspension.

¶ 34 At the end of the two years and one day probationary period, if the Respondent has not violated the terms of the probation, the suspension will be dismissed. If the General Counsel receives information that the Respondent has violated the terms and conditions of his probation, then the General Counsel shall immediately notify the Court and the suspension of two years and one day will be imposed, to commence on the date of violation.

## COSTS

¶ 35 The Complainant has filed an application to assess the costs of the proceeding, in the amount of $2,483.19. The Respondent is ordered to pay costs in the amount of $2,483.19 within ninety (90) days of the date this opinion becomes final.

**RESPONDENT IS PUBLICLY REPRIMANDED AND A DEFERRED SUSPENSION OF TWO YEARS AND ONE DAY IS IMPOSED; DEFERRAL OF SUSPENSION IS SUBJECT TO COMPLIANCE WITH THE TERMS OF PROBATION; RESPONDENT ORDERED TO PAY COSTS WITHIN NINETY DAYS.**

¶ 36 CONCUR: WINCHESTER, C.J., EDMONDSON, V.C.J., HARGRAVE, OPALA, KAUGER, WATT, COLBERT, REIF, JJ.

¶ 37 DISSENT: TAYLOR (THE SUSPENSION SHOULD NOT BE DEFERRED.), J.