OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ELSEY

 

 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ELSEY
2019 OK 81
Case Number: SCBD-6553
Decided: 12/17/2019
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2019 OK 81, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
JACKIE DALE ELSEY, Respondent.
BAR DISCIPLINARY PROCEEDING
Â¶0 Pursuant to Rule 7 of the Rules Governing Disciplinary Proceedings, this summary disciplinary proceeding arises from Respondent's pleas of guilty and no contest to two felony charges for driving under the influence of alcohol and multiple misdemeanor charges. This Court issued an Order of Immediate Interim Suspension of Respondent's license to practice law. After a hearing before the Professional Responsibility Tribunal, it recommended that this Court lift Respondent's interim suspension and place him on a deferred suspension of two years, subject to certain probationary rules.
RESPONDENT'S INTERIM SUSPENSION IS LIFTED, AND A DEFERRED
SUSPENSION OF TWO YEARS IS IMPOSED; DEFERRAL OF SUSPENSION
IS SUBJECT TO COMPLIANCE WITH THE TERMS OF PROBATION, AND
THIS COURT ORDERS RESPONDENT TO PAY COSTS.
Katherine M. Ogden, Assistant General Counsel of the Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.
Vernon D. Ellis, Adair, Oklahoma, for Respondent.
Winchester, J.
Â¶1 On August 26, 2015, the Oklahoma Highway Patrol arrested Respondent Jackie Dale Elsey in Cherokee County, Oklahoma for driving a vehicle under the influence of alcohol (DUI) and driving with a revoked license. The Cherokee County District Attorney charged Elsey with a felony DUI and a misdemeanor for driving with a revoked license, and Elsey entered a plea of no contest to both charges. As a result, this Court entered an Order of Immediate Interim Suspension on September 18, 2017, ordering Elsey to show cause why the Court should set aside the interim suspension. Elsey submitted his answer and notified the Court that on August 4, 2017, the Mayes County District Attorney charged Elsey with another felony DUI and a misdemeanor for driving with a revoked license. This Court stayed these disciplinary proceedings pending the resolution of the 2017 criminal charges.
Â¶2 On January 7, 2019, the Oklahoma Bar Association (OBA) notified the Court of Elsey's plea of guilty to the 2017 Mayes County DUI and revoked license charges. On March 12, 2019, this Court assigned the matter to the Professional Responsibility Tribunal (Trial Panel) to hold a hearing on the limited scope of mitigation. On June 26, 2019, the Trial Panel held a Rule 7 hearing and requested that the OBA submit findings of fact and conclusions of law for consideration. Elsey did not object to the proposed findings and conclusions submitted by the OBA. On August 26, 2019, the Trial Panel filed its report, recommending that this Court lift Elsey's interim suspension and place him on a deferred suspension of two years, subject to stated conditions.
I. FINDINGS
Â¶3 In 2003, Elsey received his license to practice law in Oklahoma. He practiced law, in good standing, until the date of his interim suspension. Elsey has pled guilty or no contest to five alcohol-related driving offenses since his admission to the OBA. Elsey's history of alcohol-related offenses is as follows:
Cherokee County Case No. CF-2015-548
Â¶4 The current disciplinary proceedings commenced as a result of this case. On September 17, 2015, the Cherokee County District Attorney charged Elsey with a felony DUI and a misdemeanor for driving with a revoked license, after being involved in a single-vehicle accident. Elsey admitted to the trooper at the scene of the accident that he had a few drinks that day. Elsey was serving a deferred sentence from a 2014 Mayes County alcohol-related offense at the time of the accident. Elsey pled no contest to the 2015 Cherokee County criminal charges and received a five-year deferred sentence. The district court ordered Elsey to complete a victim impact panel, a drug and alcohol assessment, DUI School, community service, and six sessions of counseling. On February 14, 2019, the district court accelerated Elsey's deferred sentence and dismissed the case. Elsey is not currently serving any part of his Cherokee County sentence.
Mayes County Case No. CF-2017-253
Â¶5 Elsey self-reported this case to the OBA as part of his answer to this Court's show cause order on his immediate interim suspension from his 2015 Cherokee County criminal charges. On August 4, 2017, the Mayes County District Attorney charged Elsey with a felony DUI and misdemeanors for driving with a revoked license, driving left of center, failure to carry insurance, and failure to wear a seatbelt. These charges resulted from Elsey turning right into oncoming traffic, causing another vehicle to stop to avoid an accident. Elsey pled guilty and served a 30-day term in the Mayes County Detention Center. The district court also ordered Elsey to complete inpatient and outpatient treatment and a victim impact panel and ordered him to pay fines and costs. Elsey has not yet paid the fines and costs associated with this case.
Other Alcohol-Related Offenses
Â¶6 In 2014, the Mayes County District Attorney charged Elsey with a felony DUI and a misdemeanor for driving with a revoked license (Case No. CF-2014-67). Elsey pled guilty and received a deferred two-year sentence. The district court ordered Elsey to complete community service, district attorney supervision, and a victim impact panel. The OBA brought a Rule 7 proceeding against Elsey due to these criminal charges. This Court dismissed the matter, finding the crime did not demonstrate Elsey's unfitness to practice law.
Â¶7 In 2009, the Mayes County District Attorney charged Elsey with a misdemeanor DUI and a misdemeanor for driving with a revoked license (Case No. CM-2009-293). Elsey pled guilty and received a one-year suspended sentence to run consecutive to a 2008 Mayes County sentence. The district court ordered Elsey to complete community service, a drug and alcohol assessment, and a victim impact panel.
Â¶8 In 2008, the Mayes County District Attorney charged Elsey with a misdemeanor DUI and misdemeanors for violation of driver's license restrictions, failure to yield from a private drive, failure to wear a seatbelt, and a defective vehicle (Case No. CM-2008-480). Elsey pled guilty to several of the misdemeanors, including the DUI, and received a one-year deferred sentence. The district court ordered Elsey to pay fines and costs.
Â¶9 Elsey was also charged with transporting an open container in 2000 and driving with a revoked license in 2010. Prior to his admission to the OBA, Elsey had four additional alcohol-related offenses in 1997, 1989, 1986, and 1982. The OBA was unable to find disposition information for these arrests. He self-reported that he had two additional DUI arrests while he served in the Navy.
Mitigation
Â¶10 After his arrest in 2017, Elsey sought treatment and completed a 28-day residential treatment program at Harbor Recovery Center. Elsey then entered an outpatient treatment program at the U.S. Department of Veterans Affairs (VA) Behavioral Medicine Clinic and resided at 12&12, an addiction recovery center. Elsey tested positive for alcohol upon his admission to 12&12, but he successfully completed the eight-week program. Elsey had monthly appointments with Dr. Elise Taylor at the VA for substance use disorder until October 2018.
Â¶11 Elsey completed an assessment with Dr. Curtis Grundy, a licensed psychologist, in connection with these proceedings. Dr. Grundy recommended that Elsey continues his involvement with services provided by the VA and resume regular appointments with Dr. Taylor if he transitions back into his legal profession. Dr. Grundy also suggested that Elsey regularly attend Alcoholics Anonymous meetings and obtain a sponsor.
Â¶12 Elsey testified that he has attended Alcoholics Anonymous meetings and is "talking" about obtaining a sponsorship with another Alcoholics Anonymous member. Elsey also expressed awareness of potential concerns about his sobriety and admitted that he must change his social behavior. Elsey recognized that a probation period would be helpful if this Court lifts his interim suspension and further testified that his family is his support system.
II. STANDARD OF REVIEW
Â¶13 In disciplinary proceedings, this Court acts as a licensing court in the exercise of our exclusive jurisdiction. State ex rel. Okla. Bar Ass'n v. Garrett, 2005 OK 91, Â¶ 3, 127 P.3d 600, 602. Our review of the evidence is de novo, and the Trial Panel's recommendations are neither binding nor persuasive. State ex rel. Okla. Bar Ass'n v. Anderson, 2005 OK 9, Â¶ 15, 109 P.3d 326, 330. This Court's responsibility is not to punish an attorney, but to assess the continued fitness to practice law and to safeguard the interests of the public, the courts, and the legal profession. State ex rel. Okla. Bar Ass'n v. Wilburn, 2006 OK 50, Â¶ 3, 142 P.3d 420, 422.
III. DISCUSSION
Â¶14 Elsey's plea of no contest to the 2015 criminal charges and plea of guilty to the 2017 criminal charges serve as the basis for this summary disciplinary proceeding. Rule 7.1 of the Rules Governing Disciplinary Proceedings (RGDP) provides:
A lawyer who has been convicted or has tendered a plea of guilty or nolo contendere pursuant to a deferred sentence plea agreement in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law, regardless of whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial, shall be subject to discipline as herein provided, regardless of the pendency of an appeal.
Rule 7, Rules Governing Disciplinary Proceedings, 5 O.S.2011, ch. 1, app. 1-A.
Â¶15 Not every criminal conviction facially demonstrates a lawyer's unfitness to practice law. State ex rel. Okla. Bar Ass'n v. Armstrong, 1990 OK 9, Â¶ 8, 791 P.2d 815, 818. In fact, a lawyer should answer only for offenses that indicate lack of characteristics relevant to the practice of law. Rule 8.4, Cmt. 2, Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2011, ch.1, app. 3-A.[1] Answerable offenses typically involve violence, dishonesty, breach of trust, or serious interference with the administration of justice. Id.
Â¶16 This Court addressed an attorney's discipline for misconduct involving alcohol in a handful of cases. We previously found that a DUI felony conviction does not facially demonstrate unfitness to practice law. State ex rel. Okla. Bar Ass'n v. Cooley, 2013 OK 42, Â¶ 13, 304 P.3d 453, 456. However, a pattern of repeated offenses can indicate indifference to an attorney's legal obligation and warrant discipline. ORPC 8.4, Cmt. 2. In cases involving substance abuse, this Court may mitigate the discipline warranted when an attorney recognizes the adverse effect of his substance abuse and cooperates in the treatment for it. State ex rel. Okla. Bar Ass'n v. Giger, 2001 OK 96, Â¶ 16, 37 P.3d 856, 863.
Â¶17 In State ex rel. Oklahoma Bar Association v. Bernhardt, 2014 OK 20, 323 P.3d 222, a non-practicing attorney had multiple alcohol-related offenses, including two felony DUI convictions and six misdemeanor convictions. Bernhardt had not practiced law in more than 15 years, and therefore, no clients were adversely affected by his conduct. However, Bernhardt wanted to keep his license to practice law. Id. Â¶ 6, 323 P.3d at 224. The trial panel found that Bernhardt was of good moral character, other than his problems with alcoholism, and well-respected by attorneys, writers, and members of the community. The Court lifted Bernhardt's interim suspension and placed him on a deferred suspension of two years and a day along with certain probationary conditions similar to those recommended by the Trial Panel for Elsey. Id. Â¶Â¶ 17-18, 323 P.3d at 226.
Â¶18 In another alcohol-related disciplinary case, State ex rel. Oklahoma Bar Association v. McBride, 2007 OK 91, 175 P.3d 379, an attorney was charged with a felony DUI. The attorney, McBride, had several other alcohol-related convictions dating back to 1997. McBride admitted he was an alcoholic and sought support from Lawyers Helping Lawyers, who referred him for treatment to a psychologist. He also participated in an outpatient treatment program. The Court found no evidence of client neglect and credited McBride for embracing sobriety. Id. Â¶ 22, 175 P.3d at 387. This Court followed the trial panel's recommended discipline of public censure coupled with a deferred suspension of two years and one day, along with certain conditions similar to those recommended by the Trial Panel for Elsey. Id. Â¶ 33, 175 P.3d at 390.
Â¶19 Finally, in Garrett, an attorney pled guilty to two counts of misdemeanor sexual battery of two women on two different occasions, both of which occurred while intoxicated. 2005 OK 91, Â¶Â¶ 5, 7, 127 P.3d at 603. The attorney, Garrett, had previous alcohol-related charges and allegations, but none of his misconduct involved clients. Garrett contacted Lawyers Helping Lawyers and entered an inpatient treatment facility where he remained for 72 days until he completed his program. Id. Â¶ 7, 127 P.3d at 603. He subsequently attended four to five Alcoholics Anonymous meetings per week. Id. Â¶ 14, 127 P.3d at 605. The Court imposed public censure, one-year probation with conditions, and payment of costs. Id. Â¶ 30, 127 P.3d at 609.
Â¶20 Here, the Trial Panel found that no clients were adversely affected by Elsey's conduct. The Trial Panel further found that Elsey took positive actions to treat his alcoholism. The Panel recommends that this Court lift Elsey's interim suspension and place him on a deferred suspension of two years, subject to stated conditions.
Â¶21 The repetition of Elsey's alcohol-related driving offenses provides clear and convincing evidence of his indifference to legal obligations and engaging in conduct that reflects adversely on the legal profession in violation of his professional duties pursuant to ORPC Rule 8.4(b)
[2] and RGDP Rule 1.3.[3] The conduct serves as a basis for the imposition of discipline, which we must determine. We appreciate Elsey's honesty regarding his alcoholism and his efforts to remain sober for over 18 months. Elsey has taken steps to avoid such behavior in the future and has already served a two-year interim suspension. Considering the Bernhardt, McBride, and Garrett cases, we conclude the Trial Panel's recommendation is appropriate.
IV. CONCLUSION
Â¶22 Considering the forms of discipline bestowed in earlier cases before this Court involving repetitive alcohol-related incidents, we conclude that the Trial Panel's recommended discipline is appropriate. We hereby lift Elsey's interim suspension and impose a two-year deferred suspension. During the term of deferment, Elsey must: (1) sign a contract with Lawyers Helping Lawyers and waive all questions of confidentiality and permit his sponsor at Lawyers Helping Lawyers to notify the OBA in the event of any default; (2) be supervised by a designated member of the Lawyers Helping Lawyers committee for the duration of the probationary term; (3) submit to random drug screens or urinalysis to be determined by his sponsor with Lawyers Helping Lawyers; (4) participate in the Alcoholics Anonymous program or similarly recognized program; (5) abide by the ORPC; and (6) refrain from use or possession of intoxicants. The two-year probation shall begin on the date of this opinion.
Â¶23 The OBA filed an application to assess the costs of the disciplinary proceedings in the amount of $5,324.47. These costs include investigation expenses and costs associated with the record, and each is permissible. See RGDP Rule 6.16. In response, Elsey requested an extension of time to pay the costs associated with these proceedings and proposed the length of the deferred suspension. This Court orders Elsey to pay costs in the amount of $5,324.47 within two years of the effective date of this opinion.
RESPONDENT'S INTERIM SUSPENSION IS LIFTED, AND A DEFERRED
SUSPENSION OF TWO YEARS IS IMPOSED; DEFERRAL OF SUSPENSION
IS SUBJECT TO COMPLIANCE WITH THE TERMS OF PROBATION, AND
THIS COURT ORDERS RESPONDENT TO PAY COSTS.
Gurich, C.J., Kauger, Winchester, Edmondson, Colbert and Kane, JJ., concur.
Darby, V.C.J. and Combs, J. (by separate writing), dissent.
FOOTNOTES
[1] Comment 2, ORPC 8.4 provides:
Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return. However, some kinds of offense carry no such implication. Traditionally, the distinction was drawn in terms of offenses involving "moral turpitude." That concept can be construed to include offenses concerning some matters of personal morality, such as adultery and comparable offenses, that have no specific connection to fitness for the practice of law. Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category. A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation.
[2] ORPC 8.4(b) provides in pertinent part:
It is professional misconduct for a lawyer to:
. . . .
(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects . . . .
[3] RGDP 1.3 provides:
The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.

COMBS, J., with whom DARBY, V.C.J., joins, dissenting
Â¶1 The majority opinion places the Respondent on a two year "deferred suspension" with limited supervision. Although this Court has previously entered a "deferred suspension" in some past opinions, I cannot support this suspension without significant supervision to monitor compliance. The terms imposed by the majority opinion do not adequately address the needs of this Respondent or this Court.
Â¶2 Respondent has pled guilty to felony alcohol related traffic offenses at least three times on this record alone in the last five years.[1] Two of these criminal charges resulted in deferred sentences.[2] In the other case, he was sentenced to thirty days in the county jail.[3] I find his treatment to have been very lenient. The Respondent's history shows a clear pattern of indifference to the laws of this State and his legal obligations as an attorney. Previous court ordered supervision has had little success in altering the behavior of the Respondent.
Â¶3 The PRT and the majority determined that Respondent's criminal conduct and endangerment of the public, while licensed as an attorney in the State of Oklahoma, violated his professional duties under Rule 8.4 (b), ORPC, and Rule 1.3, RGDP. His misconduct warrants final discipline. I do not believe the imposition of a "deferred suspension" under the facts of this case constitutes final discipline.
Â¶4 I further dissent to the lack of certainty in the event the Respondent should fail to comply with this "deferred suspension." Specifically, the majority should clearly and succinctly advise the Respondent that a finding of a violation of this "deferred suspension" would allow the Complainant to pursue all avenues of discipline, including but not limited to disbarment.
Â¶5 Under the facts presented, I would suspend the Respondent for two years and one day upon the effective date of this opinion.
FOOTNOTES
[1] CF-2017-253, Mayes County, OK; CF-2015-548, Cherokee County, OK and CF-2014-67, Mayes County, OK.
[2] CF-2015-548, Cherokee County, OK and CF-2014-67, Mayes County, OK.
[3] CF-2017-253, Mayes County, OK.