## In re BOND.

S. C. B. D. No. 182. April 10, 1934.

Rehearing Denied April 24, 1934.

A. W. Rigsby, for State Bar.

I. M. Bond, in pro. per.

McNEILL, J. There has been certified to this court full, true, and complete record, together with the recommendation of suspension by the Board of Governors of the State Bar of Oklahoma in this matter, the same having been filed on the bar docket of this court on December 22, 1933.

It appears that J. Eldon Peek preferred charges against I. M. Bond, an attorney at law and a member of the State Bar of Oklahoma, referred to as respondent herein, charging, in substance, that on October 1, 1932, complainant had retained respondent to file a case in the justice of the peace court on an account amounting to $195.95, and delivered to respondent his check for $5 for court costs; that thereafter respondent notified complainant that the case had been filed in the justice of the peace court, and that it had been set for trial; that respondent later advised complainant that the case had been postponed until a later date; that complainant, after receiving this information, inquired of the justice of the peace relative to the case and ascertained that the same had never been filed; that respondent thereafter informed complainant that the case had been filed before another justice of the peace; that thereafter complainant made further inquiry and found that the case had not been filed before such justice of the peace; that thereafter complainant made a demand for the return of his $5 and respondent refused to return the same, claiming he was entitled to a fee for more than $5 for services rendered.

It appears that there is no dispute that the respondent received the $5 court cost deposit. Respondent testified that he had delivered the bill of particulars to a young man who was staying in his office, and indorsed the check to him, and was informed by the young man that the case had been filed in the justice of the peace court; that this young man was only in his office about two months; and that after the complaint in this proceeding was filed respondent investigated the case and found that the young man had never filed the bill of particulars in that court. Respondent further testified he had refused to return the court costs to complainant because he was thinking that he had paid it out in good faith to the young man in the office who was studying law. However, the answer of respondent does not appear to be in harmony with this testimony, in that respondent offered to return the money upon payment of a reasonable fee of $10 for services in attempting to make a settlement.

Respondent is a young man of about 28 years of age, and has been engaged in the practice of law in Oklahoma City since January 1, 1928. For this reason, we are inclined to be somewhat chary on arriving at the proper conclusion to be reached in this case. Respondent testified before the committee investigating the charges against him that he was ready and willing at all times to do justice in the matter. The Board of Governors has recommended that respondent be suspended from the practice of law for a period of 90 days.

There can be no excuse for conduct of this character. Such acts lead to disrespect for the righteous privilege of being a member of this ancient profession, which at all times has vigilantly sought to aid in the administration of justice. It also breeds discontent and disrespect for both bench and bar. It must be promptly discountenanced. It should be the duty of an attorney to endeavor to raise the standards of his profession rather than to lower its integrity and prestige. An attorney at law should zealously and continuously enforce his attentions to strive to maintain the essentials of a fair private and professional character, guarding against their loss through questionable personal and professional conduct, and should not be unmindful of the oath this state required of him, before he was privileged to have his name entered upon the roll as an attorney.

Section 4200, O. S. 1931, provides:

"Upon being permitted to practice as attorneys and counselors at law, they shall, in open court, take the following oath: You do solemnly swear that you will support, protect and defend the Constitution of the United States, and the Constitution of the state of Oklahoma; that you will do no falsehood or consent that any be done in court, and if you know of any you will give knowledge thereof to the judges of the court, or some one of them, that it may be reformed; you will not wittingly, willingly or knowingly promote, sue, or procure to be sued, any false or unlawful suit, or give aid

or consent to the same; you will delay no man for lucre or malice, but will act in the office of attorney in this court according to your best learning and discretion, with all good fidelity as well to the court as to your client, so help you God."

Mr. Justice Cardozo, in the Matter of Jacob Rouss, an Attorney, 221 N. Y. 81, on page 84, said:

"Membership in the bar is a privilege burdened with conditions. A fair private and professional character is one of them. Compliance with that condition is essential at the moment of admission; but it is equally essential afterwards (Selling v. Radford, 243 U. S. 46; Matter of Durant, 80 Conn. 140, 147). Whenever the condition is broken, the privilege is lost."

In that case appears the following quotation:

" 'The question is,' said Lord Mansfield, 'whether, after the conduct of this man, it is proper that he should continue a member of a profession which should stand free from all suspicion' (Ex parte Brounsall, Cowp. 829). 'It is not,' he continued, 'by way of punishment; but the court, on such cases, exercise their discretion whether a man whom they have formerly admitted is a proper person to be continued on the roll or not.' This ruling was announced after consultation with all the judges, 'as it is for the dignity of the profession that a solemn opinion should be given.' On that high plane the jurisdiction was thus early placed, and in that high spirit it has been exercised. Even pardon will not elude it. Pardon blots out the offense, and all its penalties, forfeitures and sentences; but the power to disbar remains. (Matter of an Attorney, 86 N. Y. 563.)"

An attorney is admitted as a member of the bar to promote the ends of justice, and that implies "something more than private gain." People v. Culkin, 248 N. Y. 465, 162 N. E. 487. See, also, State ex rel. Seton v. McMenamin (Ore.) 29 P. (2d) 521. He should be known "* * * for his science and for his high renoun." (Prologue to Chaucer's Canterbury Tales.)

We are of the opinion that the record warrants the suspension of respondent for a period of 90 days. It is so ordered.

CULLISON, V. C. J., and SWINDALL, ANDREWS, BAYLESS, and BUSBY, JJ., concur. OSBORN, J., not participating. RILEY, C. J., and WELCH, J., absent.