OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MCBRIDE

 

 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MCBRIDE
2021 OK 61
Case Number: 7034
Decided: 11/23/2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 61, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,
v.
MICHAEL DAVID MCBRIDE, Respondent.
ORIGINAL PROCEEDING FOR ATTORNEY DISCIPLINE
Â¶0 This matter was brought by the Complainant pursuant to Rule 7 of the Rules Governing Disciplinary Proceedings. This summary disciplinary proceeding arises from Respondent's pleas of guilty to misdemeanor Driving Under the Influence and Driving with License Suspended. This Court issued an Order of Immediate Interim Suspension of Respondent's license to practice law. The Professional Responsibility Tribunal held a hearing and recommended the suspension be lifted and the Respondent be placed on a two year deferred suspension with conditions. We find the recommendation to be inadequate. We suspend the Respondent from the practice of law for one year effective from the date of his interim suspension.
RESPONDENT IS SUSPENDED FROM THE PRACTICE OF LAW FOR
ONE YEAR, EFFECTIVE FROM THIS COURT'S MARCH 29, 2021, ORDER OF 
INTERIM SUSPENSION; RESPONDENT ORDERED TO PAY COSTS
Katherine Ogden, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.
Sheila J. Naifeh, Tulsa, Oklahoma, for Respondent.
PER CURIAM:
Â¶1 On March 9, 2021, the Complainant, State of Oklahoma ex rel. Oklahoma Bar Association (OBA), began proceedings pursuant to 7.1 and 7.2 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A (as amended), by filing with this Court a Notice of Deferment and attached certified copies of the Information, Supplemental Information, Probable Cause Affidavit, and Motion to Dismiss in the matter of State of Okla. v. Michael David McBride, CF-2020-141, in Muskogee County, Oklahoma. The CF-2020-141 felony matter was dismissed and was refiled as a misdemeanor case, CM-2020-560. The Complainant attached relevant documents of this matter as well. The Complainant also provided notice of enhancement based upon the Respondent, Michael David McBride's, previous discipline by this Court in State of Okla. ex rel., Okla. Bar Ass'n v. McBride, 2007 OK 91, 175 P.3d 379.
Facts and Procedural History
Â¶2 The Respondent is a licensed attorney who was admitted to the OBA on September 29, 1994. On February 8, 2020, he was arrested in Muskogee County, Oklahoma. He was charged on February 13, 2020, with Felony Driving Under the Influence (DUI) and a misdemeanor Driving with License Suspended (Muskogee County Case No. CF-2020-141). These charges were dismissed on July 23, 2020, because it was determined the Respondent's previous DUIs were outside the statutory time frame allowed for enhancement. The same day, charges were refiled in Muskogee County, Case No. CM-2020-560 and the DUI charge was categorized as a misdemeanor. On July 24, 2020, McBride pled guilty in CM-2020-560 to two counts: 1) Driving a Motor Vehicle While Under the Influence of Alcohol, in violation of 47 O.S. 2011, Â§ 11-902(A)(2); and 2) Driving with License Cancelled/Suspended/Revoked, in violation of 47 O.S. 2011, Â§ 6-303(B). The trial court deferred judgment and sentence for a period of one year until July 24, 2021 on both counts.
Â¶3 On March 29, 2021, this Court, pursuant to 7.3, RGDP, ordered, "in view of the prior conduct resulting in discipline" the Respondent should be immediately suspended from the practice of law. Thereafter, we assigned the matter to the Professional Responsibility Tribunal (PRT) to hold a hearing and make a recommendation as to whether final discipline should be imposed and the severity of any discipline.
Â¶4 The PRT held a hearing on July 7, 2021. The facts were undisputed and exhibits were admitted without objection. The OBA investigator testified as to the facts surrounding the Respondent's arrest. The Respondent was pulled over after failing to yield to an emergency vehicle and crossing a fog line. He failed a field sobriety test and his breath analysis showed he had an alcohol content of 0.11. At the time of his arrest, the Respondent also had a marijuana pipe in his pocket. After the Respondent completed the requirements of his deferred judgment, charges were dismissed and case was expunged.
[1] The investigator testified there was no evidence of any client complaints and no evidence the Respondent was practicing law while suspended. Further, Respondent self-reported the matter to the OBA, he was cooperative during the process, and no other disciplinary matters had been filed against him since 2007.
Â¶5 The Respondent called ten witnesses to testify on his behalf and submitted twenty-one letters of support, many of whom were judges and attorneys. The evidence provided by witnesses testimony and letters largely supported the Respondent, and found him to be a talented lawyer who was a mentor to others and who was prepared and polite in the courtroom. One of the Respondent's character witnesses, a state court judge, testified that she was unaware of the Respondent's previous discipline for multiple DUIs and alcohol related offenses. She indicated she would support the Respondent if he had one DUI but if he had more than one she would have a problem supporting him. She was asked whether the fact his previous discipline was based upon charges filed years ago would make a difference to her, she stated "[n]o, that wouldn't make a difference. I mean, we are all professionals here. We're all under oath to follow the law. So one time, shame on you, your mistake, but if you do it a second time, I have a problem with that. You make a mistake, I can forgive you, but if you continue this misbehavior, I think it is a problem." Another character witness, an Oklahoma attorney, submitted a letter which noted, "I understand that Mr. McBride has had issues in the past regarding alcohol abuse and has recently had a DUI. While this is concerning, I believe that with proper guidance and treatment, Mr. McBride will continue to be an asset to the legal community." Other letters expressed similar sentiment.
Â¶6 The PRT reviewed the Respondent's mitigating evidence which included the testimony and letters supporting the Respondent, the fact he self-reported the offense, and the fact he did not practice law during his interim suspension. The record also reflects that the Respondent was cooperative throughout the OBA investigation. In addition, the PRT noted, no clients were harmed by his actions and the Respondent had successfully completed the conditions of his deferment. In determining discipline, the PRT found the Respondent showed remorse and embarrassment over his actions and it had been over twelve years since his previous disciplinary action. However, the PRT was still "troubled by Respondent's drinking and driving while he is admittedly an alcoholic." It recommended the Respondent's interim suspension be lifted and that he be placed on a deferred suspension of two years, with conditions. These conditions included signing a contract with Lawyers Helping Lawyers (LHL) and supervision by one of its committee members. The PRT also recommended the Respondent participate in Alcoholics Anonymous or similar program, report his attendance and status to the committee member, and refrain from the use or possession of intoxicants.
Â¶7 The Complainant and Respondent submitted briefs following the hearing. The Complainant recommends the Respondent receive a six month suspension retroactive to the date of the order placing him on interim suspension (March 29, 2021). It further recommends conditions be imposed that were identical to the PRT's recommendation. The Respondent's brief requests this Court follow the recommendation of the PRT.
Standard of Review
Â¶8 In Bar disciplinary proceedings, this Court possesses exclusive original jurisdiction. State of Okla. ex rel. Okla. Bar Ass'n v. Holden, 1995 OK 25, Â¶ 10, 895 P.2d 707. Our review of the evidence is de novo in determining if the Bar proved its allegations of misconduct by clear and convincing evidence. State of Okla. ex rel. Okla. Bar Ass'n v. Bolusky, 2001 OK 26, Â¶ 7, 23 P.3d 268. Our goals in disciplinary proceedings are to protect the interests of the public and to preserve the integrity of the courts and the legal profession, not to punish the offending lawyers. State of Okla. ex rel. Okla. Bar Ass'n v. Kinsey, 2009 OK 31, Â¶15, 212 P.3d 1186. Whether to impose discipline is a decision that rests solely with this Court and the recommendations of the PRT are not binding. State of Okla. ex rel. Okla. Bar Ass'n v. Eakin, 1995 OK 106, Â¶ 8, 914 P.2d 644.
Analysis
Â¶9 Rule 7, RGDP, provides a mechanism for conducting disciplinary proceedings on a summary basis. This provision is invoked when a lawyer "has been convicted or has tendered a plea of guilty or nolo contendere pursuant to a deferred sentence plea agreement in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law." Rule 7.1, RGDP. There are two basic issues addressed in a summary disciplinary proceeding: 1) does the conviction demonstrate the lawyer's unfitness to practice law, and if so, 2) what is the appropriate discipline to be imposed. State of Okla. ex. rel. Okla. Bar Ass'n v. Cooley, 2013 OK 42, Â¶ 2, 304 P.3d 453, 454. Armstrong teaches that a conviction for driving a motor vehicle while under the influence of intoxicating liquor does not facially show a lawyer's unfitness to practice law. State of Okla. ex rel. Okla. Bar Ass'n v. Armstrong, 1990 OK 9, 791 P.2d 815. While a criminal conviction does not, ipso facto, establish an attorney's unfitness to practice law under Rule 7, our decisions in such disciplinary cases are guided by Rule 8.4 of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. 2011, ch. 1, app. 3-A. See State of Okla. ex rel. Okla. Bar Ass'n v. Hart, 2014 OK 96, Â¶ 10, 339 P.3d 895, 899. Rule 8.4(b) defines as professional misconduct, any criminal act which reflects adversely on an attorney's "honesty, trustworthiness, or fitness as a lawyer."[2] State of Okla. ex rel. Okla. Bar Ass'n v. Conrady, 2012 OK 133, Â¶ 7, 304 P.3d 453, 454. However, "a pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation." Rule 8.4, Comment, ORPC; State of Okla. ex rel. Okla. Bar Ass'n v. Doris, 1999 OK 94, Â¶ 43 n.17, 991 P.2d 1015, 1026 n.17; State of Okla. ex rel. Okla. Bar Ass'n v. Bernhardt, 2014 OK 20, Â¶ 20, 323 P.3d 222, 226-27; Hart, 2014 OK 96, Â¶ 12, 339 P.3d at 899 ("repeated criminal transgressions are indicative of an unfitness to practice law."). Implicit in our Order of Immediate Interim Suspension is that the nature of the Respondents' offense demonstrates unfitness to practice law. Cooley, 2013 OK 42, Â¶ 11, 304 P.3d 453, 455; State of Okla. ex rel. Okla. Bar Ass'n v. Janzen, 2020 OK 98, Â¶ 6, 477 P.3d 391, 393. Respondent's plea of guilty to a misdemeanor DUI after he had been previously disciplined by this Court for multiple alcohol related offenses indicates an indifference to legal obligation. Such repetition of alcohol-related offenses provides clear and convincing evidence of his indifference to legal obligations and reflects adversely on the legal profession in violation of his professional duties pursuant to Rule 8.4(b), ORPC and Rule 1.3, RGDP.[3] The Respondent's conduct serves as the basis for imposition of discipline.
Â¶10 The purpose of professional discipline is not to punish an attorney but instead is to protect the interest of the public, the courts, and the legal profession. In imposing discipline we must weigh its deterrent effect upon the Oklahoma Bar as a whole. Driving under the influence of intoxicants is a serious offense and directly endangers the public. The public must have confidence that the legal profession, which is self-regulated, will not look the other way when its members break the law. State of Okla. ex rel. Okla. Bar Ass'n v. Giger, 2001 OK 96, Â¶ 21, 37 P.3d 856, 864. It is also important for members of the OBA to be reminded that substance abuse of any kind is incompatible with the practice of law. Id (emphasis added). In Burns we noted the first rule governing admission to practice law in Oklahoma is that an applicant "shall have good moral character, due respect for the law, and fitness to practice law." State of Okla. ex rel. Okla. Bar Ass'n v. Burns, 2006 OK 75, Â¶ 30, 145 P.3d 1088, 1094. Therein, we examined the syllabus from our decision in In re Bond, 1934 OK 228, 31 P.2d 921:
1. "Membership in the bar is a privilege burdened with conditions. A fair private and professional character is one of them. Compliance with that condition is essential at the moment of admission; but it is equally essential afterwards (citations omitted). Whenever the condition is broken, the privilege is lost" (citation omitted).
Burns, Â¶ 30, 145 P.3d at 1094. Repeated alcohol-related offenses shows a lack of respect for the law. A proper discipline should be significant in order to deter any future offenses.
Â¶11 The Complainant provided notice of the Respondent's previous discipline for the purpose of enhancement. In State of Okla. ex rel. Okla. Bar Ass'n v. McBride, 2007 OK 91, 175 P.3d 379, criminal charges for DUI were filed against McBride. The bar complaint also mentioned five previous incidents of arrest for alcohol-related crimes spanning a ten year period. This Court agreed with the PRT that there was no evidence that McBride's misdemeanor DUI convictions adversely affected his fitness to practice law, however, we held that discipline should be imposed because McBride had violated Rules 8.4(b) and (d), ORPC, and Rule 1.3, RGDP, due to his repeated violations which demonstrated a willful disregard for the law and an indifference to legal obligations. We found there was clear and convincing evidence of McBride's "indifference to legal obligations [Rule 8.4, ORPC, Comment [2]]" and he "engag[ed] in conduct that reflects adversely on the legal profession [Rule 1.3, RGDP]." Id. Â¶ 15, 175 P.3d at 386. In determining discipline, we were impressed that McBride had "wholeheartedly embraced sobriety." Id. Â¶ 22, 175 P.3d at 387. We noted he admitted to being an alcoholic and had done everything required of him and more to maintain sobriety. Id. Â¶Â¶ 21-22, 175 P.3d at 387. McBride even urged anyone to turn him in if he starts to drink again. Id. Â¶ 21, 175 P.3d at 387. In reaching the appropriate discipline, we found the case of State of Okla. ex rel. Okla. Bar Ass'n v. Garrett, 2005 OK 91, 127 P.3d 600 was instructive. In both cases, no client-related misconduct was involved and the crimes occurred as a result of the attorney's abuse of alcohol. McBride, Â¶ 27, 175 P.3d at 388. We found no evidence McBride's alcoholism impaired his ability to conduct his clients' affairs and there was clear and convincing evidence his actions after his arrest showed a commitment to maintaining sobriety. Id. Â¶ 29, 175 P.3d at 389. We believed a probationary period would "prove the depth of [McBride's] commitment to abstaining from alcohol and his sincerity in establishing a new lifestyle." Id. Â¶ 30, 175 P.3d at 389. The discipline this Court imposed was for a public reprimand and a deferred suspension of two years and one day, conditioned upon compliance with the terms of probation. Id. Â¶ 33, 175 P.3d at 390. The conditions of his probation in the previous disciplinary case were similar to those recommended by the PRT in the present matter. McBride was required to refrain from all intoxicants, participate in Alcoholics Anonymous, sign a contract with LHL, complete outpatient treatment, submit to random drug screens or urinalysis, and waive confidentiality with his sponsors. McBride completed his two year and one day probation without incident.
Â¶12 In the present matter, the Respondent requests this Court approve the PRT's recommendation for discipline, and he relies partially on State of Okla. ex rel. Okla. Bar Ass'n v. Elsey, 2019 OK 81, 455 P.3d 903. Elsey was a Rule 7, RGDP, disciplinary matter. Elsey pled guilty to DUI and revoked license charges. This Court entered an Order of Immediate Interim Suspension. We assigned the matter to the PRT for a Rule 7 hearing concerning mitigation. The PRT recommended this Court lift the interim suspension and place Elsey on a deferred suspension of two years, subject to conditions. The evidence at the hearing showed Elsey had multiple previous alcohol-related convictions. The evidence also showed, after his arrest, Elsey was participating in treatment and resided at an addiction recovery center. He also attended Alcoholics Anonymous and admitted he must change his behavior. Further, it was determined that no clients were adversely affected by Elsey's conduct and he had never been previously disciplined by this Court. In determining discipline, we recognized that a DUI felony conviction does not facially demonstrate unfitness to practice law. Id. Â¶ 16, 455 P.3d at 906. However, we also recognized that repeated offenses can indicate indifference to an attorney's legal obligation and warrant discipline. Id. We held that Elsey's alcohol-related driving offenses provided clear and convincing evidence of his indifference to legal obligations and his conduct reflected adversely on the legal profession in violation of Rules 8.4(b), ORPC, and 1.3, RGDP. Id. Â¶ 21, 455 P.3d at 907. We found the PRT's recommendation to be appropriate when considering the steps Elsey had undertaken to remain sober and the fact that he had already been suspended from the practice of law for two years. Id.
Â¶13 The present matter is distinguishable from Elsey. Elsey had not been previously disciplined by this Court. In addition, Elsey had already served a two year suspension by the time our opinion was final. Such a long interim suspension provided adequate deterrence under the circumstances. Although we take into consideration the mitigating evidence in the present matter, duplicating the prior discipline handed down to the Respondent will not suffice. That previous discipline obviously did not deter the Respondent from again driving while under the influence of alcohol. We find that neither the recommendation of the PRT nor the recommendation of the Complainant are sufficient to deter Respondent's behavior. We find that the appropriate discipline here is to suspend the Respondent from the practice of law for a period of one year, effective from the date of this Court's Order of Immediate Interim Suspension issued on March 29, 2021.
Â¶14 The Complainant filed an Application to Assess Costs in the prosecution of this matter pursuant to Rule 6.16, RGDP, in the amount of $2,579.31. The application is granted. The Respondent is hereby ordered to pay costs in the amount of $2,579.31 within 90 days from the effective date of this opinion.
RESPONDENT IS SUSPENDED FROM THE PRACTICE OF LAW FOR
ONE YEAR, EFFECTIVE FROM THIS COURT'S MARCH 29, 2021, ORDER OF
INTERIM SUSPENSION; RESPONDENT ORDERED TO PAY COSTS
Kauger, Winchester, Edmondson, Gurich, and Rowe, JJ., concur;
Darby, C.J., Combs (by separate writing) and Kuehn, JJ., concur in part; dissent in part;
Kane, V.C.J., dissents.

Kane, V.C.J., dissenting:
"I would follow the recommendation of the PRT."

FOOTNOTES
[1] The deferred sentence required the Respondent to not violate any state, federal or municipal laws during the term of deferment. It also required him to participate in District Attorney Supervision and complete DUI School as well as the Victim Impact Panel. On April 7, 2021, the trial court concluded Respondent had satisfactorily completed the terms and conditions of his probation and ordered an early dismissal of the criminal case.
[2] Rule 8.4(b), ORPC, provides:
It is professional misconduct for a lawyer to:
. . . .
(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
[3] Rule 1.3, RGDP, provides:
The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.

COMBS, J., with whom Darby, C.J. and Kuehn, J., join, concurring in part, dissenting in part:
Â¶1 I concur in the majority's finding of imposition of discipline, however, I dissent to the discipline imposed. As has been stated many times the purpose of imposing discipline is to protect the interest of the public, the courts and the legal profession as a body. Deterrence is especially important when this Court is repeatedly faced with substance abuse disciplinary matters. This Court has suspended attorneys from the practice of law for six months in substance abuse matters after being previously disciplined. See State of Oklahoma ex rel. Okla. Bar Ass'n v. Aston, 2003 OK 101, 81 P.3d 676. I believe such discipline is appropriate in this matter. I would suspend the Respondent from the practice of law for six months from the effective date of this opinion. I would not impose any conditions or probationary terms. That has been done before. The Respondent should be aware of what he needs to do to correct his behavior. The responsibility lies with the Respondent to determine whether he gives the privilege to practice law the proper respect it deserves.
Â