STATE ex rel. OKLAHOMA BAR ASSOCIATION v. LITTLEFIELD
2023 OK 53
Case Number: SCBD-7259
Decided: 05/02/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 53, __ P.3d __

 

 

STATE OF OKLAHOMA EX REL. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
DAVID MICHAEL LITTLEFIELD, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY DISCIPLINE 

¶0 Complainant brought this matter pursuant to Rule 7 of the Rules Governing Disciplinary Proceedings. This summary disciplinary proceeding arises from Respondent's plea of guilty to felony Driving Under the Influence of Alcohol Second and Subsequent. This Court issued an Order of Immediate Interim Suspension of Respondent's license to practice law. The Professional Responsibility Tribunal held a hearing and recommended a one year suspension with time remaining deferred. We suspend Respondent from the practice of law for one year effective from the date of his interim suspension.

RESPONDENT SUSPENDED FOR ONE YEAR AND
ORDERED TO PAY COSTS WITHIN NINETY DAYS

Katherine M. Ogden, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant,

David Michael Littlefield, pro se, Muskogee, Oklahoma, Respondent.

OPINION

Darby, J.:

¶1 Pursuant to Rule 7 of the Rules Governing Disciplinary Proceedings (RGDP), this summary disciplinary proceeding arises from David Michael Littlefield's, Respondent's, plea of guilty to the felony crime of Driving Under the Influence of Alcohol Second and Subsequent in violation of 47 O.S. § 11-902State of Oklahoma ex rel., Oklahoma Bar Association v. Littlefield, SCBD 5338 on October 22, 2009. In June 2022, this Court issued an Order of Immediate Interim Suspension of Respondent's license to practice law. Respondent consented to the interim suspension and requested a hearing before the Professional Responsibility Tribunal. This is Respondent's fourth alcohol-related driving offense and second time to be charged by Complainant for conduct warranting discipline. We hold that Respondent's conduct warrants a one year suspension, to be counted from the date of the interim suspension.

Facts

¶2 Littlefield was charged with felony driving under the influence. On June 25, 2019, he was driving on state highway 69 in Muskogee County. Lt Masterson, the arresting officer with the Muskogee County Sheriff's Office, testified that Mr. Littlefield was obviously very intoxicated, swerving, driving on the rim of a flat tire, slurring his words, had difficulty standing and walking, and was uncooperative when being placed in handcuffs and while getting into the police car. He testified that there was significant damage to Littlefield's car, but that Littlefield did not know when or how the damage occurred. There was no injury to other persons. In May 2022, Littlefield pled guilty and was sentenced to a three-year suspended sentence. The trial court ordered Littlefield to pay fines, complete a drug and alcohol assessment, attend DUI school, complete a victim's impact panel and obtain an ignition interlock device. Les Arnold, the OBA's investigator, testified that Littlefield complied with all the terms and conditions of his sentence. During the OBA's investigation of the 2019 criminal proceedings the investigator found 3 prior convictions in 2011 and 2012. The OBA was unaware of any of the charges/convictions prior to the June 2019 arrest.

Mitigation

¶3 After his arrest, Littlefield underwent an alcohol and drug assessment. He attended counseling/therapy with relative regularity from August 2019 to October 2021. Witnesses testified that Littlefield had been a heavy drinker, especially at the golf club. But several men, with whom he still regularly plays golf, consistently testified that Littlefield has been sober since the June 2019 DUI. Littlefield acknowledged his conduct brought disrepute to the profession and was remorseful for his actions.

Standard of Review

¶4 This Court exercises original and exclusive jurisdiction over bar disciplinary matters. State ex rel. Okla. Bar Assn. v. Taylor, 2000 OK 354 P.3d 1242de novo examination of all relevant facts, in the consideration of which the recommendations of the trial panel are neither binding nor persuasive." Id.

Discussion

¶5 Littlefield's plea of guilty to the felony DUI serves as the basis for this summary disciplinary proceeding. Rule 7.1 of the Rules Governing Disciplinary Proceedings (RGDP) provides:

A lawyer who has been convicted or has tendered a plea of guilty or nolo contendere pursuant to a deferred sentence plea agreement in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law, regardless of whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial, shall be subject to discipline as herein provided, regardless of the pendency of an appeal.

Rule 7, RGDP, 5 O.S.2011, ch. 1, app. 1-A.

¶6 Complainant filed the Notice of Judgment and Sentence on May 19, 2022. The charging documents and judgment and sentence therein "shall constitute the charge and be conclusive evidence of the commission of the crime upon which the judgment and sentence is based and shall suffice as the basis for discipline in accordance with [the] rules." Rule 7.2, RGDP, 5 O.S. 2011, ch. 1, app. 1-A.

¶7 Not every criminal conviction or guilty plea facially demonstrates a lawyer's unfitness to practice law. State ex rel. Okla. Bar Ass'n v. Armstrong, 1990 OK 9791 P.2d 815State ex rel. Okla. Bar Ass'n v. Willis, 1993 OK 138863 P.2d 1211

¶8 We find Littlefield's DUIs represent a pattern; and "a pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation." State ex rel. Okla. Bar Ass'n v. Doris, 1999 OK 94991 P.2d 1015State ex rel. Okla. Bar Ass'n v. McBride, 2021 OK 61500 P.3d 619See State ex rel. Okla. Bar Ass'n v. Rogers, 2006 OK 54142 P.3d 428

¶9 Littlefield's criminal conduct and endangerment of the public, while licensed as an attorney fit to practice in the state of Oklahoma, violated his professional duties under Rule 8.4(b), ORPC, 5 O.S. 2011 ch.1, app. 3-A, 

Discipline

¶10 PRT recommended suspension for one year from the date of the interim suspension, with the time remaining deferred, with any conditions for monitoring alcohol use and attending counseling or AA meetings authorized by the applicable rules. The Bar Association asserted that suspension for 6 months to 1 year retroactive to the date of the interim suspension was warranted in this case.

¶11 Littlefield received a private reprimand in 2009; this was based on a 2007 criminal charge of felony child abuse by injury. He entered an Alford plea and received a deferred sentence. Later that year, Littlefield's criminal case was dismissed and expunged. This Court found that his criminal actions violated Rule 8.4(b), ORPC, 5 O.S. 2011 ch.1, app. 3-A, and Rule 1.3, RGDP, 5 O.S. 2011 ch.1, app. 1-A. We consider Respondent's prior discipline for enhancement purposes.

¶12 This Court has imposed various disciplines in cases where there were multiple alcohol-related driving offenses. Attorney discipline cases are decided on a case-by-case basis due to the different circumstances of each case. State ex rel. Oklahoma Bar Ass'n v. Rozin, 1991 OK 132824 P.2d 1127State ex rel. Okla. Bar Ass'n v. Burns, 2006 OK 75145 P.3d 1088Id.

¶13 Three misdemeanors and one felony alcohol-related driving offense warranted discipline of a two year and one day deferred suspension from the date of the opinion. State ex rel. Okla. Bar Ass'n v. Bernhardt, 2014 OK 20323 P.3d 222State ex rel. Okla. Bar Ass'n v. Burns, 2006 OK 75145 P.3d 1088McBride I, this Court imposed discipline of public censure plus deferred suspension for two years and one day from the date the opinion was final for alcohol-related driving offenses. State ex rel. Okla. Bar Ass'n v. McBride, 2007 OK 91175 P.3d 379McBride II, the Court was faced with imposing discipline for an additional alcohol-related driving offense in addition to enhancement for prior discipline. State ex rel. Okla. Bar Ass'n v. McBride, 2021 OK 61500 P.3d 619Id. at ¶ 13.

Conclusion

¶14 Littlefield's 2019 felony DUI, his fourth DUI, violates Rule 8.4(b), ORPC, 5 O.S. 2011 ch.1, app. 3-A, and Rule 1.3, RGDP, 5 O.S. 2011 ch.1, app. 1-A, as the pattern indicates an indifference to legal obligation. State ex rel. Okla. Bar Ass'n v. Doris, 1999 OK 94991 P.2d 1015

Costs

¶15 Complainant has filed an application to assess the costs of the proceeding, in the amount of $1,759.27. Respondent is ordered to pay costs in the amount of $1,759.27 within ninety (90) days of the date this opinion becomes final.

RESPONDENT SUSPENDED FOR ONE YEAR AND ORDERED TO PAY 
COSTS WITHIN NINETY DAYS. 

Kane, C.J., Rowe, V.C.J., Kauger, Winchester, Edmondson, Gurich, and Darby, JJ., concur;

Combs and Kuehn, JJ., concur in part; dissent in part.

Combs, J., with whom Kuehn, J., joins, concurring in part; dissenting in part:
"I would suspend Respondent for one year from the date of this opinion."

FOOTNOTES

It is professional misconduct for a lawyer to:

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

Comment 2 to Rule 8.4 ORPC states:

Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category. A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation.

The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action. . . .