STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MCCOY
2023 OK 79
Case Number: SCBD-7414
Decided: 06/20/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 79, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

STATE OF OKLAHOMA ex rel., OKLAHOMA BAR ASSOCIATION Complainant,
v.
KASSIE NICOLE MCCOY, Respondent.

BAR DISCIPLINARY PROCEEDINGS

¶0 On August 29, 2022, Kassie Nicole McCoy, a licensed Oklahoma lawyer, entered a guilty plea to a misdemeanor count of Driving Under the Influence (1st) in Mesa County, Colorado District Court, Case No. 2022T966. On March 20, 2023, this Court entered an order of Interim Suspension under Rule 7 of the Rules Governing Disciplinary Proceedings. The matter is before the Court to impose a final order of discipline.

RESPONDENT IS SUSPENDED FROM THE PRACTICE OF LAW
FOR TWO YEARS FROM THE DATE OF THIS OPINION
WITH REINSTATEMENT UPON SUCCESSFUL COMPLETION
OF HER OKLAHOMA AND COLORADO PROBATIONARY REQUIREMENTS.

Gina L. Hendryx, General Counsel of the Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

Kassie Nicole McCoy, Pro se.

KUEHN, J.

¶1 This matter is before the Court for imposition of final discipline under Rule 7, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, Ch. 1, App. 1--A. Kassie Nicole McCoy (Respondent) was admitted to the Oklahoma Bar in 2013. Respondent practiced law in Rogers County and was elected as Associate District Judge. She began her judicial term in January 2019.

ROGERS COUNTY CASE, CM-2021-235

¶2 On February 7, 2021, Respondent was arrested and charged in Rogers County, Oklahoma with a DUI and Actual Physical Control of a Motor Vehicle Under the Influence of Alcohol. Her blood alcohol content level was .35 upon her arrest. She pleaded guilty to Actual Physical Control (misdemeanor), as the District Attorney dismissed the DUI charge. Respondent admits that she entered a plea of guilty, and a finding of guilt was deferred for three years from May 7, 2021, to May 7, 2024, with rules and conditions of probation ordered by the district court.Notice of Criminal Conviction with this Court on May 19, 2021.

¶3 The Court declined to impose an immediate interim suspension on September 13, 2021, and requested the Respondent show cause regarding a final order of discipline.Order dismissing for insufficient cause to proceed with a Rule 7 proceeding was filed on November 1, 2021, by the Court.

MESA COUNTY, COLORADO CASE 22T966

¶4 Eleven months after entering her plea of guilty in Rogers County and five months after the Court declined to discipline her formally, Respondent was arrested and charged with a DUI on April 8, 2022, in Mesa County, Colorado, having a blood alcohol content of .186.Notice of Criminal Conviction with this Court on February 23, 2023.

¶5 Due to Respondent's arrest and conviction in Colorado, on June 21, 2022 the District Attorney in Rogers County filed an Application to Accelerate Respondent's deferred sentence in her Oklahoma case.

¶6 This Court entered an Order imposing an immediate interim suspension on March 20, 2023.

CONSIDERATION OF DISCIPLINE

¶7 Respondent, representing herself, filed a brief with the Court in which she readily acknowledges the wrongfulness of her actions based upon excessive alcohol use and accepts full responsibility. She does not challenge the finding that the crime demonstrates her unfitness to practice law. She does not seek a hearing before the Professional Responsibility Tribunal. Respondent offers evidence in mitigation and requests the Court impose appropriate and fair discipline, which she believes is no discipline or a deferment of discipline during treatment.

¶8 The Oklahoma Bar Association (Bar) recommends to this Court that the Respondent's interim suspension continue until a final order of discipline is issued to maintain the integrity and confidence of the legal profession. The Bar does not opine what a final discipline order should be, stating that the Respondent fails to address interim suspension in her response, discusses that "deferred suspension" is the appropriate final discipline, and waives her right to a hearing.

¶9 A Rule 7 proceeding "requires our determination of two principal issues: (1) whether an attorney's conviction or deferred sentence demonstrates an unfitness to practice law; and, if it does, (2) the appropriate level of discipline based on all facts and circumstances." State ex rel. Oklahoma Bar Ass'n v. Wagner, 2022 OK 13503 P.3d 1201State ex. rel. Okla. Bar Ass'n v. Dunivan, 2018 OK 101432 P.3d 1056citing State ex. rel. Bar Ass'n v. Cooley, 2013 OK 42

¶10 After finding discipline is warranted, our duty in misconduct cases is to determine the proper discipline to impose. The goal of these proceedings is not to punish the attorney but to protect the public and preserve the integrity of the Bar. State ex. rel. Okla. Bar Ass'n v. Conrady, 2012 OK 29275 P.3d 133State ex rel. OBA v. McArthur, 2013 OK 73318 P.3d 1095State ex rel. Okla. Bar Ass'n v. Burns, 2006 OK 75145 P.3d 1088

MITIGATING FACTORS

¶11 Looking at the mitigating evidence submitted by the Respondent, she offers: the apology letter she sent to the Claremore Police Department and the Rogers County Sheriff's Office after her Oklahoma charge, a letter evidencing completion of inpatient rehabilitation treatment from Northwest Substance Abuse Treatment Center in Waynoka, Oklahoma from October 3, 2022, to December 5, 2022, and a letter from Parkside Psychiatric Clinic verifying her acceptance into an Intensive Outpatient Treatment program for six weeks of group therapy. Respondent submits that she is not actively practicing law.

¶12 Substance abuse may be considered a mitigating factor in determining professional misconduct, but it does not shield the attorney from accountability. State ex rel. Oklahoma Bar Association v. Doris, 1999 OK 94991 P.2d 1015State ex rel. Oklahoma Bar Association v. Giger, 2001 OK 9637 P.3d 856

¶13 Here, Respondent submitted evidence she used to mitigate her first DUI-related offense, which will not be considered. This Court considered her mitigation evidence after the first offense, declined to continue her suspension, and dismissed the disciplinary proceedings.

¶14 The mitigating evidence submitted for her new offense, besides the assurance that she is not currently practicing law, is a certification of successful completion of a 64-day inpatient program and a statement of acceptance to outpatient six-week treatment. It is unclear if Respondent was current on her Oklahoma probation requirements (besides not violating the law) when she drove intoxicated in Colorado. The record is also devoid of letters in support of deferred discipline from any member of the Bar or members of the public. With only 11 months separating her sentencing on her first case to her second offense, it is difficult to determine that Respondent fully understands the adverse effect of alcoholism on her ability to practice law and her responsibility to her oath as an attorney.

¶15 We have held that "a pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation." State ex rel. Okla. Bar Ass'n v. Doris, 1999 OK 94991 P.2d 1015

¶16 Respondent cites three cases supporting her request for the Court to end her interim suspension and defer discipline, none of which are persuasive. She first cites State ex rel. Okla. Bar Ass'n v. Bernhardt, 2014 OK 20323 P.3d 222State ex rel. Okla. Bar Ass'n v. McBride, 2007 OK 91175 P.3d 379Bernhardt, 2014 OK 20McBride, this Court deferred suspension for two years and one day for alcohol-related driving offenses, but later imposed a one-year suspension after McBride committed another alcohol-related offense. See McBride, 2007 OK 91State ex rel. Okla. Bar Ass'n v. McBride, 2021 OK 61500 P.3d 619State ex rel. Oklahoma Bar Ass'n v. Elsey, 2019 OK 81455 P.3d 903already served a two-year interim suspension while attending treatment.

¶17 In each of these cases, the attorney had more alcohol-related offenses than the Respondent. However, in none of these cases had the Court first declined to impose any discipline and lifted an interim suspension. More like attorney McBride, the Respondent was given the benefit of mitigation, treatment, remorse, and trust when the Court gave her a first chance at deferred or no discipline.

¶18 Attorney Elsey (1) completed a 28-day residential treatment program, (2) entered an outpatient treatment program at the U.S. Department of Veterans Affairs (VA) Behavioral Medicine Clinic, (3) completed an eight-week residential program at a 12&12 addiction recovery center, (4) had monthly appointments at the VA for substance use disorder, (5) completed an assessment with a licensed psychologist and followed his recommendations, and (6) attended Alcoholics Anonymous meetings. Elsey, 2019 OK 81

CONCLUSION

¶19 The Court commends Respondent for again seeking help for her alcohol dependency. In recovery, the Respondent must focus on overcoming her addiction and completing her probationary requirements in two States. Although Respondent assures that she will not practice law during her recovery, the Court, out of responsibility to the public and the profession's integrity, must guarantee that promise by suspending her license. That guarantee is necessary after Respondent relapsed in such a short period while on probation in Oklahoma, and after this Court chose to lift the interim suspension of her license and declined to discipline her.

RESPONDENT IS SUSPENDED FROM THE PRACTICE OF LAW FOR TWO 
YEARS FROM THE DATE OF THIS OPINION WITH REINSTATEMENT
UPON SUCCESSFUL COMPLETION OF HER OKLAHOMA AND 
COLORADO PROBATIONARY REQUIREMENTS.

CONCUR: KANE, C.J., ROWE, V.C.J., and KAUGER, WINCHESTER, EDMONDSON,
GURICH and KUEHN, JJ.

DISSENT: COMBS, and DARBY, JJ.
COMBS, J., dissenting: "I would disbar the Respondent.
DARBY, J., dissenting: "I would disbar the respondent.

FOOTNOTES

State of Oklahoma v. Kassie Nicole McCoy, Rogers County District Court Case No. CM-2021-235.

See SCBD 7057.

See SCBD 7057, with Combs, J. dissenting.

See Respondent's Answer to Show Cause Order, pg. 2, filed March 30, 2023.

State of Colorado v. McCoy, Kassie Nicole, Case No. 2022T966, in the County Court of Mesa County.

Response to Notice of Criminal Conviction on March 28, 2023, in which she argues that the Colorado court did not in fact sentence her, but instead deferred imposition of sentence -- i.e., that she technically has not been "convicted" in Mesa County. However, the County Plea Agreement attached as Exhibit A to her response refutes that claim. Three choices are listed for the sentence options, deferred, probation, and special sentencing. "Deferred Judgment and Sentence" is not selected, but the option labeled "Probation" is. It is also noted on the form that the "Probation" is supervised. The Judgment and Sentence attached as Exhibit 1 to the Notice of Conviction filed February 23, 2023, also shows that the Colorado court found her guilty and did not withhold a finding of guilt.

See Complainant's Reply to Respondent Kassie Nicole McCoy's Response to Order Show Cause, Exhibit A.

See Complainant's Reply to Respondent Kassie Nicole McCoy's Response to Order Show Cause, Exhibit C.

See SCBD 7414.

Id.