OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MCCOY

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MCCOY
2023 OK 79
531 P.3d 1276
Case Number: SCBD-7414
Decided: 06/20/2023
As Corrected: June 21, 2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 79, 531 P.3d 1276

 

 

STATE OF OKLAHOMA ex rel., OKLAHOMA BAR ASSOCIATION Complainant,
v.
KASSIE NICOLE MCCOY, Respondent.

BAR DISCIPLINARY PROCEEDINGS

¶0 On August 29, 2022, Kassie Nicole McCoy, a licensed Oklahoma lawyer, entered a guilty plea to a misdemeanor count of Driving Under the Influence (1st) in Mesa County, Colorado District Court, Case No. 2022T966. On March 20, 2023, this Court entered an order of Interim Suspension under Rule 7 of the Rules Governing Disciplinary Proceedings. The matter is before the Court to impose a final order of discipline.

RESPONDENT IS SUSPENDED FROM THE PRACTICE OF LAW
FOR TWO YEARS FROM THE DATE OF THIS OPINION
WITH REINSTATEMENT UPON SUCCESSFUL COMPLETION
OF HER OKLAHOMA AND COLORADO PROBATIONARY REQUIREMENTS.

Gina L. Hendryx, General Counsel of the Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

Kassie Nicole McCoy, Pro se.

KUEHN, J.

¶1 This matter is before the Court for imposition of final discipline under Rule 7, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, Ch. 1, App. 1--A. Kassie Nicole McCoy (Respondent) was admitted to the Oklahoma Bar in 2013. Respondent practiced law in Rogers County and was elected as Associate District Judge. She began her judicial term in January 2019.

ROGERS COUNTY CASE, CM-2021-235

¶2 On February 7, 2021, Respondent was arrested and charged in Rogers County, Oklahoma with a DUI and Actual Physical Control of a Motor Vehicle Under the Influence of Alcohol. Her blood alcohol content level was .35 upon her arrest. She pleaded guilty to Actual Physical Control (misdemeanor), as the District Attorney dismissed the DUI charge. Respondent admits that she entered a plea of guilty, and a finding of guilt was deferred for three years from May 7, 2021, to May 7, 2024, with rules and conditions of probation ordered by the district court.[1] Probation included requiring Respondent to write an apology letter to the Claremore Police Department, complete all Bar Association requirements, and continue with current alcohol treatments. The Bar Association filed A Notice of Criminal Conviction with this Court on May 19, 2021.[2]

¶3 The Court declined to impose an immediate interim suspension on September 13, 2021, and requested the Respondent show cause regarding a final order of discipline.[3] In her show-cause answer, Respondent waived her right to a hearing with a panel of the Professional Responsibility Tribunal. She attached her mitigating evidence, including her statement that she resigned from the bench, an apology letter to those involved in her arrest, a notice she published in the Claremore paper apologizing to the citizens of Rogers County, inpatient treatment results, and future treatment plans. An Order dismissing for insufficient cause to proceed with a Rule 7 proceeding was filed on November 1, 2021, by the Court.[4] Respondent reports that she then "establish[ed] a private practice where she worked for a [year and a half] before closing [the] practice and traveling in an RV to do seasonal work."[5]

MESA COUNTY, COLORADO CASE 22T966

¶4 Eleven months after entering her plea of guilty in Rogers County and five months after the Court declined to discipline her formally, Respondent was arrested and charged with a DUI on April 8, 2022, in Mesa County, Colorado, having a blood alcohol content of .186.[6] She entered a plea of guilty to misdemeanor DUI on August 8, 2022. Respondent admits that she entered a plea of guilty. The Colorado court entered a finding of guilt. It sentenced her to twelve months' probation with rules and conditions.[7] Probation requirements include work hours, MADD VIP, an alcohol evaluation and following all evaluation recommendations, not possessing any drugs or alcohol, and random drug testing. The Oklahoma Bar Association filed a Notice of Criminal Conviction with this Court on February 23, 2023.

¶5 Due to Respondent's arrest and conviction in Colorado, on June 21, 2022 the District Attorney in Rogers County filed an Application to Accelerate Respondent's deferred sentence in her Oklahoma case.[8] Respondent appeared on April 21, 2023, in Rogers County district court and stipulated that her conduct in the Colorado case amounted to a violation of her Rogers County probation.[9] A hearing was set on May 26, 2023.

¶6 This Court entered an Order imposing an immediate interim suspension on March 20, 2023.[10] In entering the suspension, the Court determined that Respondent's crimes facially demonstrate her unfitness to practice law. The Order of Interim Suspension gave Respondent the ability to show cause in writing why a final order of discipline should not be entered, and allowed her to request a hearing or to file a brief with any evidence tending to mitigate the severity of discipline.[11]

CONSIDERATION OF DISCIPLINE

¶7 Respondent, representing herself, filed a brief with the Court in which she readily acknowledges the wrongfulness of her actions based upon excessive alcohol use and accepts full responsibility. She does not challenge the finding that the crime demonstrates her unfitness to practice law. She does not seek a hearing before the Professional Responsibility Tribunal. Respondent offers evidence in mitigation and requests the Court impose appropriate and fair discipline, which she believes is no discipline or a deferment of discipline during treatment.

¶8 The Oklahoma Bar Association (Bar) recommends to this Court that the Respondent's interim suspension continue until a final order of discipline is issued to maintain the integrity and confidence of the legal profession. The Bar does not opine what a final discipline order should be, stating that the Respondent fails to address interim suspension in her response, discusses that "deferred suspension" is the appropriate final discipline, and waives her right to a hearing.

¶9 A Rule 7 proceeding "requires our determination of two principal issues: (1) whether an attorney's conviction or deferred sentence demonstrates an unfitness to practice law; and, if it does, (2) the appropriate level of discipline based on all facts and circumstances." State ex rel. Oklahoma Bar Ass'n v. Wagner, 2022 OK 13, ¶ 25, 503 P.3d 1201, 1207, citing State ex. rel. Okla. Bar Ass'n v. Dunivan, 2018 OK 101, ¶ 16, 432 P.3d 1056, 1061 (citing State ex. rel. Bar Ass'n v. Cooley, 2013 OK 42, ¶ 12, 304 P.2d 453,454). Rule 7.2, RGDP, provides that a certified copy of a plea of guilty, an order deferring judgment and sentence, or information and judgment and sentence of conviction shall constitute the charge and be conclusive evidence of the commission of the crime upon which the judgment and sentence are based and shall suffice as the basis for discipline under the Rules. We find that the record presented is sufficient to form the basis for discipline.

¶10 After finding discipline is warranted, our duty in misconduct cases is to determine the proper discipline to impose. The goal of these proceedings is not to punish the attorney but to protect the public and preserve the integrity of the Bar. State ex. rel. Okla. Bar Ass'n v. Conrady, 2012 OK 29, ¶ 16, 275 P.3d 133, 139. We have identified four components to attorney discipline: (1) safeguarding the public interest; (2) preserving public confidence in the judiciary; (3) promoting the integrity of the judicial system; and (4) deterring similar misconduct. State ex rel. OBA v. McArthur, 2013 OK 73, ¶ 6, 318 P.3d 1095, 1098. Attorney discipline for misconduct involving alcohol offenses has varied depending on the facts of each case and the mitigation presented. State ex rel. Okla. Bar Ass'n v. Burns, 2006 OK 75 ¶ 26, 145 P.3d 1088, 1094.

MITIGATING FACTORS

¶11 Looking at the mitigating evidence submitted by the Respondent, she offers: the apology letter she sent to the Claremore Police Department and the Rogers County Sheriff's Office after her Oklahoma charge, a letter evidencing completion of inpatient rehabilitation treatment from Northwest Substance Abuse Treatment Center in Waynoka, Oklahoma from October 3, 2022, to December 5, 2022, and a letter from Parkside Psychiatric Clinic verifying her acceptance into an Intensive Outpatient Treatment program for six weeks of group therapy. Respondent submits that she is not actively practicing law.

¶12 Substance abuse may be considered a mitigating factor in determining professional misconduct, but it does not shield the attorney from accountability. State ex rel. Oklahoma Bar Association v. Doris, 1999 OK 94 ¶ 39, 991 P.2d 1015. This Court also recognizes that discipline may be mitigated when a lawyer understands the adverse effect of his substance abuse and cooperates in treating it. State ex rel. Oklahoma Bar Association v. Giger, 2001 OK 96, ¶ 16, 37 P.3d 856, 863.

¶13 Here, Respondent submitted evidence she used to mitigate her first DUI-related offense, which will not be considered. This Court considered her mitigation evidence after the first offense, declined to continue her suspension, and dismissed the disciplinary proceedings.

¶14 The mitigating evidence submitted for her new offense, besides the assurance that she is not currently practicing law, is a certification of successful completion of a 64-day inpatient program and a statement of acceptance to outpatient six-week treatment. It is unclear if Respondent was current on her Oklahoma probation requirements (besides not violating the law) when she drove intoxicated in Colorado. The record is also devoid of letters in support of deferred discipline from any member of the Bar or members of the public. With only 11 months separating her sentencing on her first case to her second offense, it is difficult to determine that Respondent fully understands the adverse effect of alcoholism on her ability to practice law and her responsibility to her oath as an attorney.

¶15 We have held that "a pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation." State ex rel. Okla. Bar Ass'n v. Doris, 1999 OK 94, ¶ 43, n. 17, 991 P.2d 1015, 1026; Rule 8.4, Rules of Professional Misconduct, 5 O.S. 2021, Ch. 1, App. 3-A. Respondent was arrested for a second DUI only months after we declined to impose discipline for the first DUI. Although the Court commended her on her response to her addiction after the first instance, it cannot be ignored that she went to Colorado and quickly violated her probation.

¶16 Respondent cites three cases supporting her request for the Court to end her interim suspension and defer discipline, none of which are persuasive. She first cites State ex rel. Okla. Bar Ass'n v. Bernhardt, 2014 OK 20, 323 P.3d 222, and State ex rel. Okla. Bar Ass'n v. McBride, 2007 OK 91, 175 P.3d 379. Attorney Bernhardt had three misdemeanor and one felony alcohol-related driving offenses and was disciplined with a two-year and one-day deferred suspension. Bernhardt, 2014 OK 20, ¶ 30, 323 P.3d at 229. In McBride, this Court deferred suspension for two years and one day for alcohol-related driving offenses, but later imposed a one-year suspension after McBride committed another alcohol-related offense. See McBride, 2007 OK 91, ¶ 33, 175 P.3d at 390 and State ex rel. Okla. Bar Ass'n v. McBride, 2021 OK 61, ¶ 13, 500 P.3d 619, 624. Respondent also cites to State ex rel. Oklahoma Bar Ass'n v. Elsey, 2019 OK 81, 455 P.3d 903, where the Court imposed a two-year deferred suspension for numerous alcohol-related offenses after Elsey had already served a two-year interim suspension while attending treatment.

¶17 In each of these cases, the attorney had more alcohol-related offenses than the Respondent. However, in none of these cases had the Court first declined to impose any discipline and lifted an interim suspension. More like attorney McBride, the Respondent was given the benefit of mitigation, treatment, remorse, and trust when the Court gave her a first chance at deferred or no discipline.

¶18 Attorney Elsey (1) completed a 28-day residential treatment program, (2) entered an outpatient treatment program at the U.S. Department of Veterans Affairs (VA) Behavioral Medicine Clinic, (3) completed an eight-week residential program at a 12&12 addiction recovery center, (4) had monthly appointments at the VA for substance use disorder, (5) completed an assessment with a licensed psychologist and followed his recommendations, and (6) attended Alcoholics Anonymous meetings. Elsey, 2019 OK 81, ¶¶ 10-12, 455 P.3d at 905. Respondent has honorably completed one recovery program after her first offense and another 64-day inpatient treatment in Waynoka, Oklahoma. She also provided the Court with an application into an outpatient six-week program. Again, although commendable, she completed another inpatient treatment plan, which was not enough to help her avoid another DUI offense. Her treatment regimen for her second offense was the same as the first, and the Court would like to see a more robust plan from the Respondent on how she plans to tackle her alcoholism.

CONCLUSION

¶19 The Court commends Respondent for again seeking help for her alcohol dependency. In recovery, the Respondent must focus on overcoming her addiction and completing her probationary requirements in two States. Although Respondent assures that she will not practice law during her recovery, the Court, out of responsibility to the public and the profession's integrity, must guarantee that promise by suspending her license. That guarantee is necessary after Respondent relapsed in such a short period while on probation in Oklahoma, and after this Court chose to lift the interim suspension of her license and declined to discipline her.

RESPONDENT IS SUSPENDED FROM THE PRACTICE OF LAW FOR TWO 
YEARS FROM THE DATE OF THIS OPINION WITH REINSTATEMENT
UPON SUCCESSFUL COMPLETION OF HER OKLAHOMA AND 
COLORADO PROBATIONARY REQUIREMENTS.

CONCUR: ROWE, V.C.J., and KAUGER, WINCHESTER, EDMONDSON,
GURICH and KUEHN, JJ.

DISSENT: COMBS, and DARBY, JJ.
COMBS, J., dissenting: "I would disbar the Respondent.
DARBY, J., dissenting: "I would disbar the respondent.
 

NOT PARTICIPATING:  KANE, C.J.

FOOTNOTES

[1] State of Oklahoma v. Kassie Nicole McCoy, Rogers County District Court Case No. CM-2021-235.

[2] Rule 7.3, RGDP, provides that upon receipt by this Court of certified copies of Judgment and Sentence establishing that a lawyer has been convicted of a crime that demonstrates the lawyer's unfitness to practice law, the court may immediately suspend the lawyer from the practice of law until further order. In its order of suspension, the Court shall direct the lawyer to appear at a time certain to show cause, if any he has, why the order of suspension should be set aside.

[3] See SCBD 7057.

[4] See SCBD 7057, with Combs, J. dissenting.

[5] See Respondent's Answer to Show Cause Order, pg. 2, filed March 30, 2023.

[6] State of Colorado v. McCoy, Kassie Nicole, Case No. 2022T966, in the County Court of Mesa County.

[7] Respondent filed a Response to Notice of Criminal Conviction on March 28, 2023, in which she argues that the Colorado court did not in fact sentence her, but instead deferred imposition of sentence -- i.e., that she technically has not been "convicted" in Mesa County. However, the County Plea Agreement attached as Exhibit A to her response refutes that claim. Three choices are listed for the sentence options, deferred, probation, and special sentencing. "Deferred Judgment and Sentence" is not selected, but the option labeled "Probation" is. It is also noted on the form that the "Probation" is supervised. The Judgment and Sentence attached as Exhibit 1 to the Notice of Conviction filed February 23, 2023, also shows that the Colorado court found her guilty and did not withhold a finding of guilt.

[8] See Complainant's Reply to Respondent Kassie Nicole McCoy's Response to Order Show Cause, Exhibit A.

[9] See Complainant's Reply to Respondent Kassie Nicole McCoy's Response to Order Show Cause, Exhibit C.

[10] See SCBD 7414.

[11] Id.

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2023 OK 110, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. LOCKARD
Discussed

 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2001 OK 96, 37 P.3d 856, 72 OBJ 3401, 
STATE ex. rel. OKLAHOMA BAR ASSOCIATION v. GIGER
Discussed

 
2006 OK 75, 145 P.3d 1088, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BURNS
Discussed

 
2007 OK 91, 175 P.3d 379, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MCBRIDE
Discussed at Length

 
2012 OK 29, 275 P.3d 133, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. CONRADY
Discussed

 
2013 OK 42, 304 P.3d 453, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. COOLEY
Cited

 
2013 OK 73, 318 P.3d 1095, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. McARTHUR
Discussed

 
2014 OK 20, 323 P.3d 222, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BERNHARDT
Discussed at Length

 
2018 OK 101, 432 P.3d 1056, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. DUNIVAN
Discussed

 
2019 OK 81, 455 P.3d 903, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ELSEY
Discussed at Length

 
1999 OK 94, 991 P.2d 1015, 70 OBJ 3622, 
State ex. rel. Oklahoma Bar Association v. Doris
Discussed at Length

 
2021 OK 61, 500 P.3d 619, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MCBRIDE
Discussed

 
2022 OK 13, 503 P.3d 1201, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WAGNER
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA